**A–F CORPORATION, Appellant,**

v.

**Betty Lorraine CAPORALETTI, Alfred George Caporaletti, Appellees.**

**No. 13273.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 6, 1956.

Decided Jan. 3, 1957.

---

8. See Quinn v. United States, 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964.

Mr. Frederick W. Grey Leslie, Washington, D. C., with whom Mr. H. Max Ammerman, Washington, D. C., was on the brief, for appellant.

Mr. John R. Fitzpatrick, Washington, D. C., with whom Messrs. Stanley M. Dietz and Edward J. Lynch, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Appellees recovered in the district court for injuries sustained in a fall in the partial collapse of a stairway. The action was predicated on negligence in the construction of an outside stairway on a new home which, pursuant to contract, appellant had built and conveyed to appellees. Among the errors assigned is the failure of the trial judge to instruct the jury on what constituted negligence; i. e., the failure to give any definitions of ordinary negligence and proximate cause.

Included in the charge to the jury was the following:

"You have a right to find that there was negligence in the construction of the stairway. That is a question for you to determine. You are the sole judges of that.

"The rules of law that are applicable to this case are as follows:

"If a person sells real property to another,[1] and a dangerous condition exists on the real property, as a result of negligence in its construction, it is the duty of the seller to warn the person to whom he sells the property of the dangerous condition, if the dangerous condition is not readily visible."

At the close of the court's charge to the jury, the court stated to appellant's counsel: "I wonder, Mr. Daily, in order to protect the record, of course you will want to except to the Court's instructions as to the liability," to which appellant's counsel answered, "Yes, Your Honor." The meaning of this colloquy must be considered in the light of the trial court's admonition to both counsel that they should not submit general requested charges, but only such special instructions as might be desired. Some question arises as to whether a specific objection was duly made by counsel to the trial court's failure to define negligence for the jury. But even if appellant be regarded as having failed to make a proper objection, we must nevertheless hold that some definition of what constituted negligence was essential. The omission of a definition of negligence in a negligence case is so fundamental as to command our attention with or without objection.[2]

Reversed and remanded.

---

1. While the charge speaks in terms of "a person [who] sells real property to another," i. e., a vendor, the trial judge's memorandum opinion on denial of the motion under Rule 50(b), Fed.Rules Civ. Proc. 28 U.S.C.A., makes it clear that he correctly viewed appellant as a *builder*-vendor. See, e. g., Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908, certiorari denied 1948, 334 U.S. 846, 68 S.Ct. 1516, 92 L.Ed. 1770.

2. See Montgomery v. Virginia Stage Lines, 1951, 89 U.S.App.D.C. 213, 191 F.2d 770; Harlem Taxicab Ass'n v. Nemesh, 1951, 89 U.S.App.D.C. 123, 191 F.2d 459; Mondshine v. Short, 5 Cir., 1952, 196 F.2d 606.