**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

**v.**

**Helen B. HICKEY and Kenny Construction Co., Inc., Appellees.**

**KENNY CONSTRUCTION CO., Inc., Appellant,**

**v.**

**Helen B. HICKEY, Appellee.**

**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

**v.**

**GREENWAY, INC., Appellee.**

Nos. 2251, 2252, 2319.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 15, 1958.

Decided April 14, 1959.

Carl D. Hevener, Washington, D. C., with whom Charles Jay Pilzer and Harvey A.

1. Ackerhalt v. Smith, D.C.Mun.App., 141 A.2d 187.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant in No. 2251 and No. 2319.

John F. Mahoney, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellant in No. 2252 and for appellee Kenny Const. Co. in No. 2251.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellee Hickey in No. 2251 and No. 2252.

Denver H. Graham, Washington, D. C., with whom Laurence T. Scott, Washington, D. C., was on the brief, for appellee Greenway, Inc., in No. 2319.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The District of Columbia engaged Kenny Construction Company to do certain construction work which required construction of a temporary board sidewalk. This boardwalk was in close proximity to an apartment building owned by Greenway, Inc., and managed by Cafritz Company. Appurtenant to the building was a window well covered by a grating of iron bars. This window well extended into public space owned by the District. Mrs. Hickey, the appellee here, was walking on the boardwalk when she came to a place where several boards were missing, and she stepped from the walk into the adjoining public space. In doing so she stepped upon the grating covering the window well. As she stepped on the grating, her foot and leg went down into a space where one of the iron bars was missing. As a result she was injured and brought this action for damages against Greenway, Cafritz, Kenny and the District. The District cross-claimed against Greenway and Kenny for any judgment that might go against it; and Kenny cross-claimed against the District.

At an early stage in the trial, Cafritz was dismissed from the action, and at the close of plaintiff's case a directed verdict was granted in favor of Greenway. The jury awarded a verdict for Mrs. Hickey against both Kenny and the District. As will be discussed later in more detail, the trial court found against all cross-claims. The District has appealed from the judgment against it in favor of Mrs. Hickey and from the judgments against it on its cross-claims against Kenny and Greenway. Kenny has appealed from the judgment against it in favor of Mrs. Hickey.

We first consider the appeals from the judgment for Mrs. Hickey. The District contends that the verdict of the jury, whether based on negligence of the District in maintenance of the boardwalk or negligence in maintenance of the grating over the window well, was unsupported by the evidence. Kenny contends that it was entitled to a directed verdict at the close of all the evidence, because the evidence failed to show a causal connection between any negligence on its part and the injuries suffered by Mrs. Hickey, and because the court should have ruled as a matter of law that Mrs. Hickey was contributorily negligent.

█ So far as Mrs. Hickey's judgment is concerned, the appeals of the District and Kenny in substance are that the evidence did not warrant submission of the case to the jury and that directed verdicts should have been entered in their favor. Our first question is whether such relief was properly sought in the trial court, because "failure to interpose a motion for a directed verdict at the close of all the testimony and secure a ruling thereon precludes a party from questioning on appeal the sufficiency of the evidence." Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624, 626.

■ The record shows that at the close of plaintiff's evidence both the District and Kenny moved for directed verdicts. Those motions were denied and the District and Kenny proceeded to offer evidence. Any benefits from those motions were thus waived. The record does not specifically show that either the District or Kenny made a motion for a directed verdict at the close of all the evidence. The only reference to such a motion by the District is in the transcript of the hearing on the District's motion for judgment n. o. v. Counsel for Mrs. Hickey there stated that no motion for directed verdict had been made by the District. The attorney for the District asserted that such a motion had been made, not by him but, in his absence, by his associate and in the absence of a reporter. The trial court made no statement or ruling on this factual dispute but thereafter denied the motion for judgment n. o. v. without stating its reasons therefor. The result is that the record fails to show affirmatively that the District moved for a directed verdict at the close of the evidence. We cannot permit counsel's statement to supply this deficiency. Counsel was upon notice that the record failed to show such a motion and that opposing counsel claimed such motion was never made. If such a motion was in fact made, it was incumbent upon the District to see that the record showed it. On the record before us we cannot consider the points raised by the District on its appeal from the judgment for Mrs. Hickey.

■■ With respect to Kenny, the record likewise fails to show a motion for a directed verdict on its behalf at the close of the evidence. The record does show that after the jury had been instructed, and during a bench conference regarding objections to the instructions and requests for further instructions, counsel for Kenny stated: "For the purpose of the record I would like to renew my motion for directed verdict and my objections to plaintiff's instructions." Since the record shows no motion by Kenny for a directed verdict at the

close of the evidence, we must assume that the motion sought to be "renewed" was the motion made at the close of plaintiff's case. Does the above-quoted statement of counsel constitute a motion for a directed verdict at the close of all the evidence so as to preserve the right to question on appeal the sufficiency of the evidence? We think not. In the first place, it attempted to renew the motion made at the close of plaintiff's case. Although lawyers and courts frequently refer to "renewing" such a motion, the fact is that when a motion for a directed verdict is made at the close of plaintiff's evidence and is denied, and defendant then offers evidence, the motion for a directed verdict is out of the case and cannot be renewed. A motion later made at the close of all the evidence rests on an entirely different basis and may or may not be on the same grounds asserted for the prior motion. In the second place, such a motion should be made at the close of the evidence and not after the jury has been instructed. In the third place, such a motion is required by Fed.Rules Civ. Proc. Rule 50(a), 28 U.S.C.A., of the trial court to state the specific grounds therefor. For these reasons we hold we cannot consider the points raised by Kenny on its appeal from the judgment for Mrs. Hickey.

■ Turning to the District's appeal from the denial of its cross-claims against Kenny and Greenway, the record discloses the following:

"Prior to the taking of any testimony, it was agreed among counsel at a bench conference that after the return of the jury's verdict in the event that such verdict should be in favor of the plaintiff the Court would rule on the cross-claims."

We construe this stipulation to mean that the parties agreed that in the event of a verdict for plaintiff the trial court would rule as a matter of law on the cross-claims, and not that the trial court would decide any factual issues growing out of the cross-claims. As we see it, the parties assumed that a verdict for the plaintiff would settle

all issues of fact, leaving the cross-claims to be determined on applicable legal principles. Our question then is whether it can be said that the trial court committed error in law in denying the District's cross-claims.

With respect to its cross-claim against Kenny, the District takes the position that Kenny was primarily responsible for the condition of the boardwalk and the District only secondarily liable; and that in such case the one primarily responsible is required to indemnify the one secondarily responsible. With respect to its cross-claim against Greenway, the District says that Greenway was primarily responsible for the condition of the window well and the District only secondarily responsible and therefore entitled to indemnity from Greenway. The difficulty with these two contentions is that the first proceeds on the assumption that the District was found liable because of the unsafe condition of the boardwalk, and the second on the assumption that the District was found liable because of the unsafe condition of the window well. However, no special interrogatories were submitted to the jury and it returned only a general verdict.

█ From that verdict it is impossible to say whether the jury found the District liable because of the condition of the boardwalk or because of the condition of the window well. If the jury found against the District because of the condition of the window well, then the District was not entitled to indemnity from Kenny because Kenny was not responsible for that condition. On the other hand, if the District was held liable because of the condition of the boardwalk, then the District was not entitled to indemnity from Greenway because Greenway was not responsible for that condition. It may well be that the District was entitled to indemnity from either Kenny or Greenway, but in the absence of knowledge of the factual basis upon which the District's liability to Mrs. Hickey was fastened, there is no basis for determining from which of the two the District was entitled to indemnity. Under these circumstances we cannot say there was error in denying both cross-claims.

Affirmed.