Margaret L. GLEASON, Appellant,

v.

L. FRANK COMPANY, a corporation,
Appellee.

No. 7655.

District of Columbia Court of Appeals.

Argued March 19, 1974.

Decided Nov. 13, 1974.

Matthew J. Kastantin, Washington, D. C., for appellant.

Bernard J. Harig, Washington, D.C., for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This is an appeal by a plaintiff, who had sued a retail clothing company for damages resulting from bodily injuries incurred in stumbling and falling while shopping at one of the company's outlets. After a jury returned a verdict of $20,860 for the plaintiff the trial court, having entertained motions from both sides, granted defendant's motion for judgment notwithstanding the verdict, and denied plaintiff's motion to amend upward the $15,000 ad damnum clause in the complaint (the maximum amount asked by plaintiff). Both rulings are challenged in this appeal.

It appears from undisputed evidence in the record that the ground floor of the

shop in which the injuries occurred—an F Street building previously occupied by a dissimilar enterprise—had been remodeled on a split level plan. The rear of the store where certain types of apparel were displayed and sold was a few inches higher than the selling area in the front, but accessible to customers by an open stairway consisting of one step. It was on this step that plaintiff, a woman in her early sixties, tripped. According to her own testimony, she failed to notice the step, as she was glancing at some articles on a rack while advancing from the front to the back of the store. She said it was the first time she had been in that shop.

In asserting that the accident was due to management negligence, plaintiff's counsel in his opening statement said that evidence would show that the floor plan violated a provision of the Building Code requiring that "no run of stairs" should have "less than two risers."[1] Defendant's counsel thereupon moved for a directed verdict which was denied.

Plaintiff was then permitted to develop opinion testimony through an official of the municipal Building Division that the construction of the step in question did violate this regulation. The witness admitted, however, that his own department apparently had not thus interpreted the regulation. It had approved the blueprints of the floor plan and had issued a permit to the contractor.

At the conclusion of plaintiff's case, which also included her own testimony and that of the physician who treated her, defendant again moved for a directed verdict. This motion was denied, and defendant called witnesses to show that the location of the step was not obscured by merchandise displays but instead was marked by a conspicuous sign.

Obviously, in the circumstances of this case, the materiality of the Building Code to the proximate cause of the accident was questionable. Consequently, had the trial court deemed the plaintiff's evidence insufficient to permit the case to go to the jury on the question of liability, and granted defendant's motion for a directed verdict immediately after plaintiff had rested, this court might well have had difficulty in deeming such action error.

We do not reach this question, however, as the procedural rules for granting motions for directed verdicts at the close of a plaintiff's case and the granting of motions for judgment notwithstanding the verdict, differ in one crucial respect. We refer to Super.Ct.Civ.R. 50(a) and (b), the text of which—identical to the corresponding provisions of the Federal Rules of Civil Procedure—is as follows:

(a) *Motion for Directed Verdict; When Made; Effect.* A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

(b) *Motion for Judgment Notwithstanding the Verdict.* Whenever a motion for a directed verdict made *at the close of all the evidence* is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment en-

---

1. D.C.Bldg.Code, § 3–615.

tered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. (Italics supplied.)

■ An examination of the transcript in the case before us reveals that although a motion for a directed verdict was made at the time of the opening statement and was renewed when plaintiff rested, defendant elected to offer tstimony on its own behalf when the second motion was denied. Under these circumstances, this court has held that "[a]ny benefits from those motions were thus waived." District of Columbia v. Hickey, D.C.Mun.App., 150 A.2d 463, 466 (1959). At the close of all the evidence the defendant could also have made under Rule 50(b), *supra,* another directed verdict motion based on the same grounds previously asserted, but did not do so. In this posture of the case, the trial court lacked authority to entertain a motion for judgment, n. o. v., after the jury had returned its verdict. Harmon v. Liss, D.C.Mun.App., 116 A.2d 693 (1955). *See also* Krupsaw v. W. T. Cowan, Inc., D.C. Mun.App., 61 A.2d 624, 626 (1948). In short, this court has placed a literal construction on the wording of Rule 50(b). Accepting these holdings as controlling here, we are constrained to vacate the judgment for the defendant.

■ As for appellant's second contention, the denial of the motion to amend the complaint by raising the ad damnum did not constitute error. This motion was untimely, for it was not submitted until after the jury had returned its verdict. It is true that a trial judge has considerable discretion in allowing amendments to pleadings but in the framework in which this case was tried the evaluation which plaintiff had placed on her claim before it went to the jury, set a ceiling on whatever damages she was entitled to recover.

Reversed in part and remanded for the entry of a judgment consistent with this opinion.