Harry L. **WEISMAN** and Dorothy Weisman, t/a H & E Realty Co., Appellants,

v.

Malqueen **MIDDLETON,** Appellee.

Malqueen **MIDDLETON,** Appellant,

v.

Harry L. **WEISMAN** et al., Appellees.

Nos. 9473, 9502.

District of Columbia Court of Appeals.

Argued Nov. 17, 1976.

Decided Aug. 14, 1978.

---

Kenneth J. Loewinger, Washington, D. C., with whom Herman Miller, Washington, D. C., was on the brief, for appellants in No. 9473 and appellees in No. 9502.

Bernard Gild, Washington, D. C., for appellee in No. 9473 and appellant in No. 9502.

Before NEWMAN, Chief Judge, HARRIS, Associate Judge, and REILLY, Chief Judge, Retired.

HARRIS, Associate Judge:

The Weismans (hereinafter the landlords) seek to overturn a judgment awarding Middleton (hereinafter the tenant) damages of $2,196.25 for malicious prosecution. The tenant cross-appeals, claiming that the trial court erred in directing a verdict in favor of the landlords on four of the six counts in the tenant's complaint. We find error in the directing of a verdict on a single count of malicious prosecution, and remand for a new trial on that count.

I

Malqueen Middleton was a tenant in an apartment house owned by the Weismans. The tenant wrote the landlords a letter and circulated a petition to her fellow tenants concerning alleged deficiencies in the apartment house. The tenant then met with the landlords to discuss the problems. Shortly thereafter, the tenant received an eviction

notice. After she failed to vacate the premises, an action was filed by the landlords for possession of her apartment. That action resulted in a judgment in favor of the tenant.

In June of 1973, just three weeks after the termination of the first suit, the tenant was served with a second complaint for possession of her apartment. That suit was based on the alleged nonpayment of rent for the months of April, May, June, and July of 1973, despite the facts that the April rent had been tendered by the tenant but returned by the landlords, the May and June rent had been tendered by the tenant and accepted by the landlords, and the July rent was not yet due. The landlords agreed to have the suit dismissed with prejudice upon the tenant's payment to them of the March and April 1973 rent (which had been paid by the tenant but returned by the landlords) and the release to them from the court registry of the rental payments for July and August of 1973 (which the tenant had paid into court).

The tenant subsequently filed an action alleging retaliatory eviction, breach of contract, and malicious prosecution. Damages were sought for the bringing of each suit by the landlords. The tenant sought compensatory damages for loss of time from work, mental anguish, embarrassment and humiliation; reasonable and necessary legal fees incurred in defending the prior suits; and punitive damages. The trial court directed a verdict for the landlords on the breach of contract count based on the first suit for possession, and on all counts based on the second suit. The jury awarded the tenant compensatory damages of $104.25 for loss of time from work, attorney's fees of $1,092.00, and punitive damages of $1,000 based on the bringing of the first suit for possession. It awarded nothing for the mental anguish, embarrassment, and humiliation allegedly suffered by the tenant.

## II

■ We first address the landlords' allegations of error. They initially assign as error the trial court's denial of their motions for a directed verdict which allegedly were made at the close of the tenant's evidence and again at the close of all the evidence. After a careful study of the record, we have determined that such a motion was made only at the close of the tenant's evidence and not at the close of all the evidence. It is settled that a defendant waives the benefit of a motion for a directed verdict which has been made at the close of the plaintiff's evidence if the defendant elects to offer testimony on his own behalf after denial of the motion. *See Gleason v. L. Frank Co.,* D.C.App., 328 A.2d 96, 98 (1974); *District of Columbia v. Hickey,* D.C. Mun.App., 150 A.2d 463, 466 (1959). It also is true that the " 'failure to interpose a motion for a directed verdict at the close of all the testimony and secure a ruling thereon precludes a party from questioning on appeal the sufficiency of the evidence'." *See District of Columbia v. Hickey, supra,* at 465, *quoting from Krupsaw v. W. T. Cowan, Inc.,* D.C.Mun.App., 61 A.2d 624, 626 (1948). As the landlords submitted evidence on their own behalf at the close of the tenant's case, and as they failed to move for a directed verdict at the close of all the evidence, they may not challenge the sufficiency of the evidence on appeal through an attack on the denial of those alleged motions.

■ The landlords also claim that it was error for the trial court to allow the jury to consider attorney's fees, compensatory damages, and punitive damages as proper elements of its damage award. We reject this contention; all of these traditionally have been held to be proper elements for the jury's consideration in malicious prosecution cases. *See, e. g., Brooking v. Lemon,* D.C. Mun.App., 96 A.2d 849 (1953); *Mills v. Levine,* 98 U.S.App.D.C. 137, 233 F.2d 16, *cert. denied,* 352 U.S. 858, 77 S.Ct. 86, 1 L.Ed.2d 67 (1956); *Soffos v. Eaton,* 80 U.S.App.D.C. 306, 152 F.2d 682 (1945); *Melvin v. Pence,* 76 U.S.App.D.C. 154, 130 F.2d 423 (1942).

■ The landlords' next assertion is that the trial court erred in failing to instruct the jury on an element of the offense of malicious prosecution. Super.Ct.Civ.R. 51

states that "[n]o party may assign as error the giving of or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The landlords failed to object specifically to the court's instruction on malicious prosecution and to state the grounds for their objection. They therefore normally would be barred by Rule 51 from raising this contention on appeal. *See, e. g., DeFries v. David*, D.C.Mun.App., 105 A.2d 746 (1954); *Koninklijke Luchtvaart Maatschappij N. V. KLM Royal Dutch Airlines Holland v. Tuller*, 110 U.S.App.D.C. 282, 292 F.2d 775, *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). *Cf., e. g., A–F Corp. v. Caporaletti*, 99 U.S.App.D.C. 367, 240 F.2d 53 (1957); *Montgomery v. Virginia Stage Lines, Inc.*, 89 U.S.App.D.C. 213, 191 F.2d 770 (1951); *Harlem Taxicab Association v. Nemesh*, 89 U.S.App.D.C. 123, 191 F.2d 459 (1951). However, where it is apparent from the face of the record that a "miscarriage of justice" has occurred, we properly may reverse based on an error to which no objection was made. *See Chambers v. Audette*, D.C.App., 385 A.2d 10, 16 (1978); *Adams v. United States*, D.C.App., 302 A.2d 232, 234 (1973); *Bullock v. Young*, D.C.Mun.App., 118 A.2d 917, 919 (1955); *Barnes v. Wheeler, Inc.*, D.C.Mun.App., 55 A.2d 83, 85 (1947); 5A Moore's Federal Practice ¶ 51.04, at 2507–2515 (2d ed. 1977). We therefore consider the merits of the allegation of error in order to determine whether a miscarriage of justice occurred.

We believe that the trial court did err in failing to instruct the jury on an element of malicious prosecution. The court omitted from its instruction the requirement of an arrest of the person, or a seizure of the property of the defendant in the prior suit, or a special injury sustained by him which would not necessarily result in suits prosecuted to recover for like causes of action. (The first two of these are inapplicable on the facts of this case, but are mentioned here to avoid misleading.) *See Ammerman v. Newman*, D.C.App., 384 A.2d 637 (1978); *Nolan v. Allstate Home Equipment Co.*, D.C.Mun.App., 149 A.2d 426 (1959). We find no evidence here of a special injury of this type suffered by the tenant because of the landlords' first suit for possession. However, the prior filing of two suits with malice and without probable cause by a defendant in a malicious prosecution suit, against a plaintiff in that suit, has been held to constitute a special injury which satisfies this requirement due to the increased burden of defending "successive unconscionable suits." *See Soffos v. Eaton, supra; cf. Nolan v. Allstate Home Equipment Co., supra*, at 429 n.6 (citing the repeated institution of groundless suits as an exception to the requirement rather than a fulfillment of it). At the time of the filing of the malicious prosecution suit, two possessory actions previously had been filed by the landlords against the tenant. The jury necessarily found as a fact that the landlords filed the first of those prior suits with malice and without probably cause, since the jury found malicious prosecution based on the filing of that suit. However, the jury was precluded from determining whether the landlords filed the second of those suits with malice and without probable cause, because the court had directed a verdict on all counts based on the second possessory action. As discussed *infra*, the action of the trial court in directing a verdict for the defendants on the malicious prosecution count based on the second suit was erroneous and requires a remanding of the case for a new trial on that count.

■ As the element of malicious prosecution involving a special injury to the one previously sued may be satisfied here only if both of the landlords' suits for possession were brought with malice and without probable cause, the harmlessness *vel non* of the court's failure to instruct the jury on this issue will become evident only upon completion of the new trial of the count based on the landlords' second suit. Furthermore, both malicious prosecution counts must stand or fall together, because the requirement of a special injury is satisfied only if more than one unconscionable suit was filed by the landlords. Therefore, if on

remand the landlords are found liable for malicious prosecution in their bringing of the second suit for possession, the court's failure to instruct on the special injury element of the offense will be rendered harmless and no miscarriage of justice will have resulted. If, however, the landlords are found not guilty of malicious prosecution in the bringing of that suit, the court's instructional error will be rendered highly prejudicial, so that a miscarriage of justice will have occurred. In the latter event, the judgment previously rendered must be overturned.

■ The landlords further maintain that since Super.Ct. L&T R. 5(b) allows a counterclaims to be brought in an action for possession based on nonpayment of rent, the tenant waived her right later to sue for malicious prosecution by failing to assert it as a counterclaim in the landlords' second suit for possession. However, since the malicious prosecution claim arose from the very filing of the landlords' second suit for possession, the claim did not arise out of the same transaction or occurrence that was the subject matter of the landlords' suit (i. e., the alleged nonpayment of rent), and therefore there could have been no requirement that it be brought as a compulsory counterclaim in that suit under Super.Ct.Civ.R. 13 (a). Moreover, Super.Ct. L&T R. 5(b), on which the landlords rely, prohibits the filing, in a suit for possession in the Landlord and Tenant Branch, of a counterclaim for other than "a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises." *See also Winchester Management Corp. v. Staten,* D.C. App., 361 A.2d 187, 191–92 & n.13 (1976).

The landlords raise additional claims on appeal concerning alleged errors to which no objection was made during trial. It long has been recognized that matters not objected to during trial cannot be considered for the first time on appeal unless a miscarriage of justice has occurred. *See, e. g.,*

*Chambers v. Audette, supra; Adams v. United States, supra; Bullock v. Young, supra; Barnes v. Wheeler, Inc., supra.* Even assuming those alleged errors to be substantiated, we find that no miscarriage of justice resulted from them. We therefore decline to address them.[1]

### III

We now address the tenant's cross-appeal in which she alleges as error (1) the trial court's directed verdict on the count of breach of contract due to a breach of the covenant of quiet enjoyment based on the landlords' first suit for possession, and (2) its directed verdict on each of the counts of retaliatory eviction, breach of contract due to a breach of the covenant of quiet enjoyment, and malicious prosecution based on the landlords' second suit for possession.

■ We dispose of the tenant's contention concerning the breach of contract count based on the landlords' first suit for possession by noting that our predecessor court rejected a similar claim in *Hyde v. Brandler,* D.C.Mun.App., 118 A.2d 398 (1955), stating:

[T]he landlord's covenant for quiet enjoyment . . . goes only to . . . possession . . . . The covenant is not broken unless there is an eviction from, or some actual disturbance in, the possession by the landlord . . . . [*Id.,* at 399–400.]

Here it is unquestioned that the tenant remained in possession of the apartment both during and after the period of the first suit for possession. Her quiet enjoyment of the property therefore was not disturbed, and the trial court's directed verdict on this count was proper.

■ The counts based on the landlords' second suit for possession are discussed separately. First, there is no authority in this jurisdiction establishing an independent cause of action by a tenant against a landlord based on an unsuccessful retaliatory

---

1. We have examined the landlords' other claims of error to which objections were made and find them lacking in merit.

eviction suit. The cases reflect the courts' recognition of retaliatory eviction only as a valid defense to a landlord's action for possession, and the only case which the tenant cites to support her position on this point, *Robinson v. Diamond Housing Corp.*, 150 U.S.App.D.C. 17, 463 F.2d 853 (1972), is such a case. The trial court's directed verdict on this count was correct.

Second, with respect to the count of breach of contract based on the landlords' second suit for possession, the above-quoted holding in *Hyde v. Brandler, supra*, supports the trial court's granting of a directed verdict, since the tenant also remained in possession of her apartment both during and after the second suit for possession.

 Finally, we address the trial court's directed verdict on the count of malicious prosecution. The elements of malicious prosecution are (1) the prosecution of a civil or criminal action, (2) maliciously and (3) without probable cause, (4) which terminated in favor of the defendant, and (5) which caused the arrest of the person, or seizure of the property of the defendant, or a special injury to the defendant which would not necessarily result in suits prosecuted to recover for like causes of action. *Ammerman v. Newman, supra*, 384 A.2d at 639; *Nolan v. Allstate Home Equipment Co., supra*, 149 A.2d at 429. In order to have properly directed a verdict on this count, the trial court would have had to determine as a matter of law that one of these elements was missing from the tenant's case. We find that the court could not correctly have done so.

 Element (1), the prosecution of a civil suit, exists here as a matter of law. We recently have discussed the elements of malice and lack of probable cause as they relate to the offense of malicious prosecution. In *Ammerman v. Newman, supra*, we stated:

> Lack of probable cause is an essential element of an action for malicious prosecution, and a showing of probable cause is thus a valid defense which warrants a directed verdict for the defendant. *Smith v. Tucker*, D.C.App., 304 A.2d 303

(1973), citing *Prieto v. May Department Stores Co.*, D.C.App., 216 A.2d 577 (1966). With reference to civil actions, probable cause has been said to be such reason supported by facts and circumstances as will warrant a cautious man in the belief that his action and the means taken in prosecuting it are legally just and proper. *See Masterson v. Pig'n Whistle Corp.*, 161 Cal.App.2d 323, 326 P.2d 918 (1958). One need not be certain of the outcome of a proceeding to have reasonable grounds for instituting it, however. Probable cause does not mean sufficient cause. *Burt v. Smith*, 203 U.S. 129, 27 S.Ct. 37, 51 L.Ed. 121 (1906). According to the generally accepted view, probable cause depends not on the actual state of the case in point of fact, but upon the honest belief of the person instituting it. It may flow from a belief that turns out to be unfounded as long as it is not unreasonable. *Lee v. Dunbar*, D.C.Mun.App., 37 A.2d 178 (1944).

\* \* \* \* \* \*

> The second prerequisite to the successful maintenance of an action for malicious prosecution is that the action on which it is based be brought maliciously. *Nolan v. Allstate Home Equipment Co., supra.* It is generally held that the requisite malice is that dependent on the existence of an improper motive (as distinguished from malice in the technical legal sense), and has also been described as the existence of an evil purpose or motive, a wicked or mischievous intent, or a wilful, wanton, reckless or oppressive disregard to the rights of the plaintiff. 52 Am. Jur.2d *Malicious Prosecution* § 46 (1970). [*Id.*, at 639–41.]

We find that sufficient evidence exists in the record from which a jury reasonably could have found both of these elements in the landlords' bringing of the second suit for possession. As stated previously, element (5), a special injury to the defendant is satisfied here if both of the landlords' two suits against the tenant are found to have been brought with malice and without

probable cause. *See Soffos v. Eaton, supra.* A jury reasonably could have found such a special injury here, as sufficient evidence exists in the record to support a finding of malice and lack of probable cause in the bringing of both suits.[2]

■ We turn now to element (4), termination of the suit in favor of the defendant. This is a question of law normally to be determined by the trial court, as it requires the court to draw a conclusion based on its legal judgment as to the significance of the prior judgment in light of the relief requested.

The trial judge directed a verdict on this count even though he believed that the literal conditions of element (4) were fulfilled here. Apparently he felt that a suit for possession of realty for nonpayment of rent always "terminates in favor of the defendant" if the tenant pays the rent due. Evidently believing that such an interpretation of element (4) would unjustly subject landlords suing on such grounds in good faith to unwarranted malicious prosecution suits by tenants, he implicitly ruled that no cause of action for malicious prosecution may be based on a landlord's suit for possession of realty for nonpayment of rent which is concluded by a payment of the rent due. We reaffirm the requirement that a malicious prosecution suit be based on a prior unsuccessful suit by the defendant against the plaintiff in the malicious prosecution action. *See Ammerman v. Newman, supra; Nolan v. Allstate Home Equipment Co., supra; Soffos v. Eaton, supra.* However, we reject the trial court's interpretation of the term "unsuccessful."

■ The tenant here had tendered payment of all rent due at the time the second suit for possession was instituted. Those payments had been returned by the landlords. Only three weeks after an adverse judgment in the first suit for possession, and apparently without any request for the tenant to pay back rent (other than a bill for the April rent which was sent her shortly after the end of the first suit), the landlords instituted the second suit for possession. The tenant had given the landlords no reason to think that she would not pay the rent, and the suit was dismissed when the tenant agreed to pay the back rent which she already had tendered unsuccessfully. The landlords received only the payments which the tenant previously had offered them, and failed to gain possession of the realty.

We find on these facts that the landlords' second suit for possession was "unsuccessful" for purposes of determining the existence of a malicious prosecution. To hold otherwise would allow a landlord arbitrarily to reject rental payments timely tendered by the tenant and then to institute multiple suits for possession on the ground of nonpayment of rent, without fear of a possible suit by the tenant for malicious prosecution. We conclude that a landlord's suit in this type of situation may be considered "successful" for purposes of later determining the existence of a previous malicious prosecution only if the landlord has made an unsuccessful good faith attempt to secure payment prior to the filing of his suit for possession. Such an attempt is lacking here.

As we find that the trial court erred in directing a verdict against the tenant on the malicious prosecution count based on the second suit for possession by the landlords, we remand for a new trial on that count. We uphold the trial court's granting of a directed verdict on the other counts based on the second suit. Should the landlords in the new trial be adjudged guilty of malicious prosecution based on their second suit for possession, the judgment of mali-

---

2. Indeed, the jury, in finding the landlords guilty of malicious prosecution, necessarily found malice and a lack of probable cause in the bringing of the first suit. This factual determination, since it was crucial to the verdict rendered, will be conclusive in any further proceedings relating to the landlords' second suit under the doctrine of res judicata. *See, e. g., Liberty Mutual Ins. Co. v. District of Columbia,* D.C.App., 316 A.2d 871, 874 (1974); *Mozick v. Mozick,* D.C.App., 245 A.2d 643, 645 (1968); *Gullo v. Hirst,* D.C.App., 207 A.2d 662, 663 (1965).

cious prosecution based on the landlords' first suit will stand affirmed.[3] If, however, in the new trial the landlords are found not guilty of malicious prosecution based on their second suit, the judgment for malicious prosecution based on the first suit must be set aside, since in this type of case two prior malicious and unsuccessful actions are the minimum necessary to establish a special injury which could sustain a verdict for damages. We uphold the trial court's granting of a directed verdict on the other counts based on the first suit.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

---

[3]. We recognize that the unique circumstances of this case, coupled with our disposition of its components, will present somewhat of a dilemma as to jury instructions on remand. We eschew wandering into that thicket by making any advisory comments, feeling that the instructional problems should be resolved by the trial court through the normal exercise of the adversary process.