**Green MILLER, Jr., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 83–923.**

District of Columbia Court of Appeals.

Submitted May 22, 1984.

Decided Aug. 7, 1984.

Melvin A. Marshall, Washington, D.C., was on the brief for appellant.

Inez Smith Reid, Corp. Counsel, Washington, D.C., with whom John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before MACK and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

This is an appeal from a post-trial order reducing a jury's award of damages to the amount that appellant sought in the *ad damnum* clause of his complaint. Appellant contends that the trial court erred in reducing the award. We reverse and remand.

Appellant was arrested on March 23, 1976, in front of his apartment building on 7th Street, S.W. for drinking in public in violation of D.C.Code § 25–128 (1973). The evidence indicates that appellant was arrested by Officer Anthony Mazzant after ignoring an order to refrain from drinking while he was standing on or near a public sidewalk. Appellant filed a complaint in July 1976 against the District of Columbia and Officer Richard Olivo seeking $25,000

in compensatory damages and $25,000 in punitive damages for false arrest, malicious prosecution, and negligent training of a police officer.

A jury trial in April 1979 resulted in a mistrial, and the case was retried in March 1980. After it became apparent at the retrial that Officer Mazzant had arrested appellant, the court granted Officer Olivo's motion for a directed verdict and thereafter ruled that appellant's claim for punitive damages was moot. Following the retrial, a jury awarded appellant $20,000 in compensatory damages. The District of Columbia then moved for a judgment notwithstanding the verdict or, alternatively, a new trial or a remittitur. The trial court conditioned its denial of the request for a judgment notwithstanding the verdict or a new trial on appellant's acceptance of a remittitur of the verdict from $20,000 to $12,000. Appellant rejected the proposed remittitur, and the trial court then granted the District's motion for a new trial on the ground that the damage award was not supported by the evidence and could only have been the product of passion or prejudice.

The third trial in March 1983 resulted in a jury award of $35,000 in compensatory damages, $10,000 above the amount appellant had claimed in his complaint. The District again moved for a judgment notwithstanding the verdict or, alternatively, a new trial or a remittitur. In opposing the motion, appellant sought to amend the *ad damnum* clause of his complaint to increase his claim to $50,000. Relying on this court's decision in *Gleason v. L. Frank Co.*, 328 A.2d 96, 98 (D.C.1974), the trial court disallowed the proposed post-verdict amendment and ruled that as a matter of law, appellant could not recover more than was sought in the original *ad damnum* clause. Accordingly, an order was entered

reducing the verdict from $35,000 to $25,-000. That order is the subject of this appeal.

In *Gleason,* a division of this court affirmed a trial court order denying the plaintiff's post-verdict motion to raise the *ad damnum* clause of her complaint to conform with the damage amount that was actually awarded by the jury. In ruling that denial of the motion to amend was not an abuse of discretion, the court noted that its conclusion was based upon the unique "framework in which [the] case was tried." *Id.* at 98.

The "framework" to which the court referred consisted of a negligence suit brought by the plaintiff as a result of injuries she sustained when she fell while shopping in a retail clothing store. In this court's view, it was "questionable" whether the evidence presented by the plaintiff at trial established proximate cause.[1] Thus, had the trial court granted the defendant's motion for a directed verdict made at the close of the plaintiff's case, stated the court, "[we] might well have had difficulty in deeming such action error." *Id.* at 97. The trial court, however, denied the defendant's motion and the defendant then elected to present testimony on its own behalf. At the close of all the evidence, the defendant failed to renew its motion for a directed verdict. Nevertheless, following the jury verdict, the court granted the defendant's motion for judgment notwithstanding the verdict. *Id.* On appeal, this court held that it was "constrained to vacate the judgment for the defendant" because under Super.Ct.Civ.R. 50(b), a motion for judgment notwithstanding the verdict can be entertained only if the moving party also made a motion for a directed verdict at the close of all the evidence. *Id.* at 98.

---

1. The clothing store in which the plaintiff was injured had front and rear retail sections that were separated by a one-step stairway, and the fall occurred as she was walking from the front to the rear area. She was looking at some clothing articles on a nearby rack and failed to

notice the step. At trial, to establish causation, she presented an official of the Municipal Building Division who testified that in his opinion, the floor plan of the store was in violation of a building code regulation. *Gleason v. L. Frank Co., supra,* 328 A.2d at 97.

■ It is clear from the context of *Glea-son* that neither the trial court nor this court was persuaded by the merits of the plaintiff's case. The perceived lack of merit was, in our view, fundamental to this court's conclusion that the trial court did not abuse its discretion in denying the post-verdict motion to raise the *ad damnum.* Thus, the court qualified its holding by stating that there was no abuse of discretion given "the framework in which this case was tried." *Id.* As this language indicates, the holding in *Gleason* established that it is not necessarily an abuse of discretion for a trial court to limit a plaintiff's recovery to the amount set forth in the prayer for relief. Contrary to the reading adopted below, however, *Gleason* did not eliminate the trial court's discretion in this area.

In exercising its discretion, the trial court remains free to permit a recovery in excess of the amount set forth in a party's prayer for relief. This approach is consistent with Super.Ct.Civ.R. 54(c) which provides in part: "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*" (Emphasis added.) Federal courts have consistently viewed the federal rule, which is identical to the local rule, as diminishing or eliminating the significance of the prayer for relief. *See, e.g., Stineman v. Fontbonne College,* 664 F.2d 1082 (8th Cir.1981) (award of $600,000 proper although plaintiff only sought $300,000 in her complaint); *United States v. Marin,* 651 F.2d 24 (1st Cir.1981) (award of damages proper form of relief even though not sought in complaint); *Newburger, Loeb & Co. v. Gross,* 611 F.2d 423 (2d Cir.1979) (award of prejudgment interest proper though not requested in complaint); *Bail v. Cunningham Brothers,* 452 F.2d 182 (7th Cir.1971) (entitlement to relief is deter-

mined by evidence and not pleading demands); *Smith v. Brady,* 390 F.2d 176 (4th Cir.1968) (propriety of verdict is tested by the evidence, not the *ad damnum* clause); *South Falls Corp. v. Rochelle,* 329 F.2d 611 (5th Cir.1964) (relief to be determined by the facts established and not the prayer); *United States for Use of Bachman & Keffer Construction Co. v. H.G. Cozad Construction Co.,* 324 F.2d 617 (10th Cir. 1963) (not error to allow recovery in excess of amount in prayer). Here, the trial court erred in concluding as a matter of law that the post-verdict motion to amend the *ad damnum* was untimely and ineffective. To the contrary, as required by *Gleason,* the trial court was required to exercise its discretion in ruling on the motion.

■ The discretion possessed by the trial court in this area permits it to set aside or reduce a jury's award of damages "only when it indicates prejudice, passion, or partiality, or when it must have been based on oversight, mistake, or consideration of an improper element." *Spar v. Obwoya,* 369 A.2d 173, 180 (D.C.1977) (citing *Lester v. Dunn,* 154 U.S.App.D.C. 399, 475 F.2d 983 (1973)). In the case at bar, however, because of its reading of *Gleason,* the trial court did not base its denial of the post-verdict motion to amend the *ad damnum* upon the exercise of its discretion. As we have concluded, this was error.[2] Accordingly, the trial court's order reducing the jury award from $35,000 to $25,000 is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

■■■

**2.** We do not intend to imply that it is always error for the trial court to deny a post-verdict motion to amend and thereby limit recovery to the amount set forth in the prayer for relief. The trial court is free to treat the prayer as a ceiling on recoverable damages if in the exercise of its discretion, it is of the view that an award in excess of that amount would indicate passion, prejudice or other improper consideration.