[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Alan S. Glassman appeals pursuant to General Statutes § 31-249b the employment security board of review's (board) decision denying his claim for unemployment compensation benefits.
The procedural history of this claim may be summarized as follows. In July of 1999, Mr. Glassman accepted a "Special Retirement Package" from his employer, Massachusetts Mutual Life Insurance Company (Mass. Mutual). His last day of work was September 30, 1999. On October 4, 1999 he applied for unemployment compensation benefits. He was initially awarded unemployment compensation benefits for the week ending October 9, 1999. The employer, Mass. Mutual, appealed the award of benefits, claiming that Mr. Glassman voluntarily left suitable work without good cause attributable to the employer. An appeals referee conducted a hearing on the appeal and on January 26, 2000 issued a decision, including findings of fact and conclusions of law, reversing the award of benefits.
Mr. Glassman appealed the appeals referee's decision to the employment security board of review. With his appeal Mr. Glassman submitted additional evidence and challenged the referee's application of law to the facts found. On March 27, 2000 the board denied Mr. Glassman's appeal and denied him unemployment benefits. It is from this decision that Mr. Glassman appeals to the Superior Court. CT Page 16508
The issue presented is that although Mr. Glassman accepted an early retirement package, he claims he is nonetheless entitled to benefits because he had a reasonable belief that he would have been terminated had he not accepted the package. Section 31-236-56 of Connecticut Agencies Regulations provides in part (c) The Administrator shall not find that an individual voluntarily retired . . . if the individual reasonably believed his employment would be severed if he rejected his employer's inducement to retire." In rejecting his claim for benefits the board determined that "the claimant, (Alan S. Glassman) did not reasonably believe he would be terminated by this employer if he did not accept the "Special Retirement Package".
The salient facts found by the appeals referee and relied upon by the board are as follows:
On April 21, 1999 Mass. Mutual issued a memo to all employees stating that the Board of Directors had authorized an early retirement program to help the company in cost reduction, and to limit the need for involuntary layoffs. The company told employees they must be employed July 1, 1999, and remain until the date of the retirement as designated by the company. The program added five years of age and five years of service in calculating pension amounts. The program also used the individuals 1999 rate of pay to calculate the pension, verses their normal five-year average. The employer increased the lump sum benefits by 25 percent.
Eligible employees had until July 31, 1999 to elect the plan. Employees could ask to rescind their election until the date of their retirement.
Alan Glassman was an Associate Director of Information Systems for Mass. Mutual with more than seventeen years of experience. He was the manager of fifteen employees. As a manager, the employer had advised him, that it was not appropriate to discuss the incentive offer with his employees by either encouraging them to stay in their job or leave their job. Mr. Glassman did not discuss the offer with management, about himself, because the employer had given all managers the same instructions. Mr. Glassman did not know the number of people eligible to accept the incentive, or the number of employees the company wanted to downsize.
Mr. Glassman was involved in daily systems operation and had ongoing projects for the employer. He had viable computer and management skills and his department was under no threat of elimination as it was vital to the company's daily operations.
Mr. Glassman, who was eligible for the Special Retirement Package, CT Page 16509 elected the retirement package on July 28, 1999. In September 1999, the employer published the list of the 550 employees (out of 750 eligible employees) who accepted the incentive retirement offer. The employer set the claimant's last day of work as September 30, 1999. The employer has posted to fill the claimant's position.
Scope of Review
"[A]ppeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the Court are controlled by § 31-249b." Calnan v. AdministratorUnemployment Compensation Act, 43 Conn. App. 779, 783, 686 A.2d 134
(1996).
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his or her remedies before the board. General Statutes §§ 31-248(c) and 31-249a(c). Appeals within the unemployment compensation system must be taken in a timely fashion or they are to be dismissed. Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986).
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administration, 238 Conn. 273, 276, 679 A.2d 347 (1996). See also Practice Book § 22-9 (formerly § 519). "The court must not retry the facts nor hear evidence." (Internal quotation marks omitted.)Mattatuck Museum-Mattatuck Historical Society, supra, 238 Conn. 276. See also United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385,551 A.2d 724 (1988); Burnham v. Administrator, 184 Conn. 317, 321,439 A.2d 1008 (1981)." If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." (Internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society, supra, 238 Conn. 276. "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) Church Homes, Inc. v. Administrator,Unemployment Compensation Act, 250 Conn. 297, 303-04, 735 A.2d 805
(1999).
"As a general rule, the application of statutory criteria to determine CT Page 16510 a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." (Internal quotation marks omitted.) United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 386. Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. See DaSilva v.Administrator, 175 Conn. 562, 564, 402 A.2d 755 (1978). See alsoBridgeport Metal Goods Mfg. Co. v. Administrator, 2 Conn. App. 1, 3,479 A.2d 329 (1984).
Analysis
Significantly, Mr. Glassman has not filed a motion to correct the record before the administrator nor has he filed a motion to add evidence to the record pursuant to the provisions of § 22-5 of the Practice Book. The statutory appeals mechanism that the appellant invokes on his behalf specifically restricts the manner by which findings of the board can be challenged "[f]indings of the board shall be subject to correction only to the extent provided by § 519 of the Practice Book." Section 519 of the Practice Book, now renumbered § 22-5 specifies that the trial court cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ." See also Calnan v. Administrator, supra, 43 Conn. App. 779, 783-84
(1996). For the purposes of this appeal the court must accept the unchallenged administrative findings of facts. These facts include that the claimant's department was vital to the continued operations of the company, that Mr. Glassman continued to perform work critical to the company's functions until his retirement date and that the employer intended to refill Mr. Glassman's position. Based upon these findings there is adequate support in the record for the conclusion that Mr. Glassman did not reasonably believe he would have been terminated by the employer if he did not accept the early retirement package. The appeal is dismissed.
Cosgrove, J.