Bridget **BEAN**, Appellant,

v.

Jose **GUTIERREZ**, Appellee.

No. 07–CV–1135.

District of Columbia Court of Appeals.

Argued May 14, 2009.
Decided Sept. 10, 2009.

---

John F. Karl, Jr., Washington, DC, for appellant.

Ronald L. Vavruska, Jr., for appellee.

Before KRAMER and FISHER, Associate Judges, and BELSON, Senior Judge.

KRAMER, Associate Judge:

Appellant Bridget Bean sued appellee Jose Gutierrez for defamation and false light invasion of privacy stemming from comments made in an article published in the Asian American Business Roundtable ("AABR") newsletter. After the jury returned a verdict for Gutierrez on the defamation claim and for Bean on the false light invasion of privacy claim, the trial court granted Gutierrez's motion for judgment as a matter of law ("JNOV") on the false light invasion of privacy claim. Bean argues that the trial court erred in granting Gutierrez's motion for JNOV both because (1) Gutierrez failed to move, orally or in writing, for judgment as a matter of law before the case was submitted to the jury as required by Super. Ct. Civ. R. 50(a)(2), and (2) JNOV was not warranted on the merits. We affirm.

## I. Factual Background

Bean, a graduate of George Mason University, began working for the Small Business Association ("SBA") in 1986. Later, she moved into a Senior Executive Service ("SES") position at the SBA.

The AABR newsletter was written, edited, and published by Rawlein Soberano,[1] and distributed monthly to approximately 2,800 people including sixty-three subscribers on Capitol Hill, many high-level officials at the SBA, and trade associations dealing with the SBA. On July 1, 2004, the monthly AABR newsletter published an article critical of John Whitmore, an SBA official. Among other things, the article said that Whitmore "recently finagled the paperwork for Bridget Bean to SES, knowing fully well that she did not qualify and her academic papers were questionable (which means nothing to Whitmore), resulting in her bust and demotion." In the article Soberano asked rhetorically, "How many Bridget Beans are in its payroll, because they are buddies of John Whitmore, who betrayed the public trust?" Soberano testified that he met

---

1. Soberano was a defendant in a lawsuit filed by Bean in federal court regarding the same issues as this case. According to the parties, the federal case has been settled.

with Gutierrez shortly before July 1, 2004, and that Gutierrez told him that he had heard that Bean did not have a college degree, that she had "slept with" Whitmore, and that she had moved up through the ranks at the SBA due to her relationship with Whitmore.

■ Bean sued Gutierrez for defamation[2] and false light invasion of privacy.[3] At trial, Gutierrez did not move, orally or in writing, for judgment as a matter of law before the case was submitted to the jury. The jury returned a verdict for Gutierrez on the defamation claim and for Bean on the false light invasion of privacy claim, for which it awarded her $75,000. After the verdict, Gutierrez filed a written motion for JNOV on the false light invasion of privacy claim, which the trial court granted. This appeal followed.

## II. Standard of Review

■ Judgment as a matter of law is appropriate only where no reasonable person, viewing the evidence in the light most favorable to the prevailing party, could reach a verdict in favor of that party. Moreover, when the case turns on disputed factual issues and credibility determinations, the case is for the jury to decide. If reasonable persons might differ, the issue should be submitted to the jury. Furthermore, in reviewing a motion for [JNOV] after a jury verdict, this court applies the same standard as the trial court.

2. To state a cause of action for defamation, a plaintiff must allege four elements:

(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Lively v. Flexible Packaging Ass'n,* 830 A.2d 874, 886–87 (D.C.2003) (en banc) (citations and internal quotation marks omitted).

## III. Legal Discussion

Bean argues that the trial court erred by granting Gutierrez's motion for JNOV both because (1) Gutierrez did not move for judgment as a matter of law before the case was submitted to the jury as required by Super. Ct. Civ. R. 50(a)(2), and (2) JNOV was not warranted on the merits.

### A. Timing

Bean argues that the trial court should not have granted Gutierrez's motion for judgment as a matter of law because it was not made before the case was submitted to the jury as required. *See* Super. Ct. Civ. R. 50(a)(2) ("Motions for judgment as a matter of law may be made any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment."); Super. Ct. Civ. R. 50(b) ("The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment ...."); *see also NCRIC, Inc. v. Columbia Hosp. for Women Med. Ctr., Inc.,* 957 A.2d 890, 904 (D.C.2008) ("In a civil jury trial, Civil Rule 50(a) requires a party to assert its specific claims of evidentiary insufficiency in a motion for judgment as a matter of law before the case is submitted

*Blodgett v. Univ. Club,* 930 A.2d 210, 222 (D.C.2007) (citation and internal quotation marks omitted).

3. "[A]n invasion of privacy-false light claim ... requires a showing of: (1) publicity (2) about a false statement, representation or imputation (3) understood to be of and concerning the plaintiff, and (4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Blodgett, supra,* 930 A.2d at 222 (citation and internal quotation marks omitted).

to the jury."); *Miller v. District of Columbia*, 479 A.2d 329, 330 (D.C.1984) ("[U]nder Super. Ct. Civ. R. 50(b), a motion for [JNOV] can be entertained only if the moving party also made a motion for [judgment as a matter of law] at the close of all the evidence." (citation omitted)). We first address Gutierrez's contention that Bean failed to preserve her Rule 50 argument.

■ "Generally speaking, matters not properly presented to a trial court will not be resolved on appeal. A court deviates from this principle only in exceptional situations and when necessary to prevent a clear miscarriage of justice apparent from the record."[4] *Linen v. Lanford*, 945 A.2d 1173, 1180 n. 4 (D.C.2008) (citations and internal quotation marks omitted). "[O]bjections must be made with reasonable specificity; the [trial] judge must be fairly apprised as to the question on which he is being asked to rule." *Comford v. United States*, 947 A.2d 1181, 1186 (D.C.2008) (citation omitted).

■ Bean contends that she preserved her Rule 50 argument because in her opposition to Gutierrez's motion for JNOV she argued that Gutierrez failed to preserve an objection to "the Court's instruction defining publicity" or "the standard of care." But this language addressed only Gutierrez's failure to preserve objections. It did not put the trial court on notice that Gutierrez had failed to file a timely motion

for judgment as a matter of law as required by Super. Ct. Civ. R. 50. Bean thus failed to argue in the trial court that Gutierrez's motion for judgment as a matter of law should have been denied because it was not made before the case was submitted to the jury.

■ Although we do have discretion to consider Bean's Rule 50 argument, *see Linen, supra*, 945 A.2d at 1180 n. 4, we cannot conclude that this is the kind of "exceptional situation" where we must consider an argument not raised at trial in order to "prevent a clear miscarriage of justice apparent from the record." Bean had the opportunity to raise this objection at trial and she failed to do so. Accordingly, we decline to consider Bean's argument that Gutierrez failed to file a timely Rule 50 motion.

**B. Merits**

■ "[A]n invasion of privacy-false light claim ... requires a showing of: (1) publicity (2) about a false statement, representation or imputation (3) understood to be of and concerning the plaintiff, and (4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Blodgett, supra*, 930 A.2d at 222 (citation and internal quotation marks omitted). The trial court ruled that judgment should be entered in favor of Gutierrez because Bean had failed to prove that there was "publicity" or, alternately, that Soberano was liable.[5]

---

4. The principle that "normally" an argument not raised in the trial court is waived on appeal is ... one of discretion rather than jurisdiction.... In general, an appellate court has discretion, in the interests of justice, to consider an argument that is raised for the first time on appeal if the issue is purely one of law, particularly if the factual record is complete and a remand for further factual development would serve no purpose, the issue has been fully briefed, and no party will be unfairly prejudiced.

*District of Columbia v. Helen Dwight Reid Educ. Found.*, 766 A.2d 28, 33 n. 3 (D.C.2001) (citations omitted).

5. Bean had predicated liability against Gutierrez on two theories: (1) the statements he made to Soberano constituted false light invasion of privacy and (2) Soberano and Gutierrez were working in concert to publicize the statements. In the trial court's order, it noted that it "should have given a special unanimity instruction ... to assure that all the jurors agreed to the same basis for liability...."

We begin by addressing whether Bean proved that there was "publicity," which requires that

> the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as *substantially certain to become one of public knowledge.* The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of *a communication that reaches, or is sure to reach, the public.*

*Steinbuch v. Cutler*, 463 F.Supp.2d 1, 3 (D.D.C.2006) (quoting RESTATEMENT (SECOND) OF TORTS § 652D cmt. a (1977)).[6] That quoted RESTATEMENT comment goes on to provide:

> Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section. The distinction, in other words, is one between private and public communication.

RESTATEMENT (SECOND) OF TORTS § 652D cmt. a (1977). The evidence presented at trial showed that Gutierrez communicated information about Bean only to Soberano, and that Soberano then included that information in the AABR newsletter. Thus, the issue here is whether communication of information to one individual who then publishes the information in a publication is sufficient to satisfy the "publicity" requirement.

There does not appear to be case law in this jurisdiction addressing whether the source of information for a newspaper article can be held liable for false light invasion of privacy.[7] But the record shows

---

6. "The District of Columbia has long recognized the common law tort of invasion of privacy. In so doing, the courts have adopted

Since it was unclear on which theory the jury found liability, the court addressed both.

The trial court also ruled that the jury instructions erroneously failed to instruct the jury that Gutierrez must have acted with knowledge or reckless disregard of the statements' falsity in order to be liable. The court noted that "[o]nly after the jury began deliberating and sent a note asking for clarification did defendant ask for an instruction on *mens rea.*" Although the court opted not to give an instruction at that time, on review, the court stated that the jury should have been instructed that Bean had the burden of proving that Gutierrez knew the statement was false or acted with reckless disregard as to the falsity of the statement. There was no evidence that Gutierrez knew the statement was false. The question of whether a person acts in reckless disregard is generally a question for the jury but, because we conclude JNOV was appropriate for other reasons, there was no reason to order a new trial.

the RESTATEMENT formulation of the 'right of privacy.' " *Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 587 (D.C.1985) (citations omitted).

7. The Supreme Court of Alabama has suggested that the source of information for a newspaper article could be held liable for false light invasion of privacy. *See Butler v. Town of Argo*, 871 So.2d 1, 27 (Ala.2003) (defendant could not be liable for false light invasion of privacy because the comments he made to two newspaper reporters were not published in the newspaper; thus, he "distributed those statements to only two people and the statements did not receive the required publicity to support a false-light claim"). *But see Evans v. Blanchard*, No. CV030177251S, 2005 WL 407846, at *3, 2005 Conn.Super. Lexis 99, at *9 (Conn.Super.Ct. Jan. 11, 2005) ("[A] cause of action for invasion of privacy will not lie where the defendant did not *directly* publicize the private facts about the plaintiff even though publicity was a natural and foreseeable consequence of the defendant's actions." (citation and internal quotation marks omitted)).

that Gutierrez had no reason to believe that Soberano would publish the information about Bean. Rather, the only testimony about Gutierrez's knowledge of the existence of the newsletter is from Gutierrez, who testified that he "wasn't fully aware that [Soberano] had a ... newsletter...."[8] Soberano himself did not testify about whether Gutierrez was aware that the information about Bean would be published in the AABR newsletter.[9] Gutierrez was merely providing information—gossip, really—to a single person in a private communication. The language of RESTATEMENT (SECOND) OF TORTS § 652D cmt. a suggests that the critical determinant in whether "publicity" has taken place is whether the communication is public or private. While the communication of information to a single person for publication in a newsletter could be construed as a public communication under the proper circumstances, such as to a well-known gossip columnist, that is not the case here. Thus, even when we view the evidence in the light most favorable to Bean, as we must, *see Lively, supra,* 830 A.2d at 886–87, there was simply no evidence to allow a reasonable juror to conclude that by providing information about Bean to Soberano, Gutierrez had the knowledge or intent that the information would be made public. The evidence shows merely that Gutierrez told Soberano the information about Bean, which is not sufficient to constitute "publicity." Because Bean did not establish one of the prongs required to establish false light invasion of privacy, she failed to put forth

sufficient evidence to allow a jury to rule in her favor.[10]

*Affirmed.*

---

8. Gutierrez denied that he was a source for any of the information in the article. Since the jury found for Bean on the false light invasion of privacy claim, it is clear that it did not credit his testimony on this topic.

9. Soberano did testify that before publication of the newsletter, Gutierrez gave him a poem entitled "Ode to Whitmore" which contained derogatory information about Bean's qualifi-

cations for a position to which she had been promoted by Whitmore, and which was set forth in the newsletter. It could be considered unusual for one to give another a written poem in the course of a purely private conversation.

10. Because Bean failed to establish "publicity," we need not address her other arguments.