ROSALIE DASILVA *v*. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 7—decision released August 1, 1978

*Richard J. Diviney,* with whom, on the brief, were *Stanley P. Atwood* and *Frederic S. Ury,* for the appellant (defendant Westport board of education).

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

COTTER, C. J. The plaintiff was employed as a certified teacher by the defendant Norwalk board of education in a bilingual education program from January 27, 1975, until June 30, 1975, when her employment was terminated due to a lack of funds for the continuation of that program. She subsequently applied for, and received, unemployment compensation benefits from June 29, 1975, to September 6, 1975. Upon an appeal to an appeals referee by the Westport board of education, the plaintiff's chargeable employer, the award of the administrator was reversed and the plaintiff was declared liable for refund of the amounts received during that period. The employment security board of review affirmed the decision of the referee, and the plaintiff appealed to the Superior Court. Concluding that the appeals referee and the board of

review acted unreasonably, arbitrarily and illegally, the court reversed the board of review and sustained the plaintiff's appeal. The defendant Westport board of education has appealed to this court from that judgment.

General Statutes § 31-249b permits an appeal from the decision of the employment security board of review; but the court does not try the matter de novo. *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101. It is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee. *Howell* v. *Administrator,* 174 Conn. 529, 533, 391 A.2d 165; *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671. Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. *Guevara* v. *Administrator,* supra.

The trial court's finding of facts, which incorporated the appeals referee's finding, may be summarized as follows: During the period in which the plaintiff received unemployment compensation benefits, her efforts to obtain further employment consisted almost entirely of making contact with area boards of education and the University of Bridgeport in an attempt to obtain another teaching posi-

tion.[1] Although she acknowledged that the prospects of obtaining employment as a teacher during the summer months were "extremely limited," the plaintiff made no significant effort to obtain any other type of employment during that period. She did, however, eventually succeed in obtaining employment as a teacher in the Norwalk adult education program commencing on September 8, 1975.

In view of the "extremely limited" prospects of obtaining employment as a teacher during the summer months, the referee concluded that the evidence did not support a determination that the plaintiff was available for work and making reasonable efforts to obtain work. Since those conditions are prerequisites to a claimant's eligibility for benefits under the provisions of § 31-235 (2) of the General Statutes, the award of the administrator was reversed.

The defendant board of education's appeal to this court from the trial court's reversal of the determination that the plaintiff had not satisfied the statutory eligibility requirements, therefore, presents to us the question of whether the action taken by the referee and affirmed by the board of review was unreasonable, arbitrary or illegal.

As noted previously, § 31-235 (2) of the General Statutes provides that an unemployed person shall be eligible to receive benefits only if it has been found that "he is physically and mentally able to work and is available for work and has been and is

---

[1] The plaintiff testified that she applied for a position as a teacher in the Norwalk, Fairfield, Weston, Monroe and Stamford school systems in addition to her application at the University of Bridgeport. There is no claim that these inquiries were limited to the area of special education.

making reasonable efforts to obtain work." To be available for work within the meaning of the statute, one must be ready, willing and able to accept suitable employment and must be exposed unequivocally to the labor market. *Howell* v. *Administrator,* supra; *Dubkowski* v. *Administrator,* 150 Conn. 278, 280, 188 A.2d 658; *Leclerc* v. *Administrator,* 137 Conn. 438, 439, 78 A.2d 550. While the test of availability is subjective; *Stapleton* v. *Administrator,* 142 Conn. 160, 164, 112 A.2d 211; it is well established that a claimant who limits his or her availability for work because of personal reasons unrelated to the employment is not entitled to compensation. *Northup* v. *Administrator,* 148 Conn. 475, 478, 172 A.2d 390; *Leclerc* v. *Administrator,* supra, 441.

The principal claim of the defendant board of education in the present appeal is that the court erred by interfering with the referee's conclusion that, due to the limited prospects of obtaining a job in the specific labor market in which the plaintiff sought employment (e.g., summer school teacher) she was neither "available for work" nor "making reasonable efforts to obtain work" as required by statute. Although the unemployment compensation act was never intended to guarantee anyone a job identical in all respects with that which he or she had previously held; *Leclerc* v. *Administrator,* supra, 440; "[t]he mere fact that a person places certain restrictions on the type of work he is willing to accept does not, in itself, make him unavailable for work within the intent and meaning of § 31-235." *Dubkowski* v. *Administrator,* supra, 281. It is only when those restrictions imposed by the claimant reduce the prospects of employment to such an extent that it can no longer reasonably be said a

person is genuinely exposed to the labor market that he or she will be deemed unavailable for work. Ibid.; *Northup* v. *Administrator,* supra, 477; Freeman, "Able to Work and Available for Work," 55 Yale L.J. 123, 126.

In the present case, the referee found that, during the period in which she received compensation, the plaintiff made contact with area boards of education and with the placement office at the University of Bridgeport. The referee did not find, nor does the defendant board suggest, that there were no teaching positions available in the area during the period in question. Further, the referee did not find that the plaintiff failed to make "reasonable efforts" to obtain a teaching position during that time. "The fact that there are more persons in the area qualified for a certain type of position than there are positions of this kind to be filled does not necessarily negative the existence of such a [labor] market. The question is not whether the plaintiff has a reasonable opportunity to get work of the kind she can do, but whether there is a 'labor market' for such work." *Reger* v. *Administrator,* 132 Conn. 647, 651, 46 A.2d 844. In *Reger,* for example, we held (p. 652) that simply because few, if any, employers in the area were willing to hire servicemen's wives because of the uncertainty of the length of time they would remain in the area that "was not a material factor in determining whether the plaintiff was available for work."

Under the facts of the present case, therefore, the mere fact that the plaintiff's prospects of obtaining a summer teaching position were "extremely limited" did not, by itself, negative the existence of a relevant labor market and thus either render her

unavailable for work or support a conclusion that she was not making reasonable efforts to obtain work.

Although the decision of the referee, as affirmed by the board of review, was predicated solely upon the finding that the plaintiff's chances of securing a teaching job were "extremely limited," the defendant board of education, in its brief, appears to find support for the referee's decision in the fact that the plaintiff admittedly had previous experience as a skilled secretary. The defendant argues that the plaintiff's failure actively to seek a secretarial position during the summer months rendered her unavailable for "suitable" work within the meaning of § 31-235 (2).

The conditions under which an employee becomes eligible for benefits are contained in § 31-235. Section 31-236, on the other hand, is concerned with conditions under which an otherwise eligible person may render himself ineligible. *Northup* v. *Administrator,* 148 Conn. 475, 479, 172 A.2d 390. The question of "suitable work" arises under § 31-236 when an otherwise eligible employee either fails without cause to apply for available suitable work when directed to do so or fails to accept suitable work when offered. No claim is made in the present case that the plaintiff was either directed to apply for or offered employment as a secretary. Moreover, even when the question of "suitability" is raised under § 31-236, it is well settled that such a determination depends upon the facts of the particular case and a recognition that " 'work at a lesser skill and lower wages should not be deemed suitable unless a claimant has been given a reasonable period in which to compete in the labor market for available jobs at his higher skill or related skills . . . .' Menard,

'Refusal of Suitable Work,' 55 Yale L.J. 134, 142." *Dubkowski* v. *Administrator,* 150 Conn. 278, 283, 188 A.2d 658; see, generally, annot., 97 A.L.R.2d 1125.

"The purpose of the [unemployment compensation] act is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own." *Kelly* v. *Administrator,* 136 Conn. 482, 487, 72 A.2d 54. Since the purpose of the act is clearly remedial in character, it is to be liberally construed in order to accomplish its humanitarian purpose. *Reger* v. *Administrator,* supra, 650.

The trial court did not err in reversing the decision of the board of review on the grounds that it acted unreasonably, arbitrarily and illegally by determining that the plaintiff was unavailable for work and did not make reasonable efforts to obtain work within the meaning of § 31-235 (2) of the General Statutes.

There is no error.

In this opinion the other judges concurred.