[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Employment Security Board of Review dismissing the plaintiffs employee's appeal and affirming the decision of an Appeal Referee who ruled that the Administrator properly denied the plaintiff benefits since she "voluntarily left suitable work without sufficient job-connected cause." This pro-se plaintiff claims in her hand written complaint and at oral argument that she was "forced" from her job by her employer who compelled her to do demeaning tasks not within her "assigned duties." The plaintiff alleges that there was sufficient work available to her both in the shipping department and in the front office where she acted as a filing clerk when there was insufficient work available in the shipping department; that on the day in question she was asked to decorate a Christmas tree which she refused to do and then was asked to leave. She did not report to work the following day. The issue in this case is whether this plaintiff left her employment with cause.
Previous to the enactment of Section 31-236 (2)(a) of the Connecticut General Statutes in 1977, an employee who left her employment without cause was merely ineligible for Unemployment Compensation Benefits for a period of four weeks. Since that date and with adoption of Section 31-236 (2)(a), employees who "quit" their job without sufficient cause are ineligible for benefits until they earn at least ten times their benefit rate which in effect denies them compensation benefits. Based upon the severity of the penalty which now attaches to those employees who leave their employment without cause, it is incumbent that the Administrator, Referee and Board of Appeal carefully examine the reason or cause underlying the employees departure from the work place. The intent of the new law as stated by our Supreme Court in Robinson v. Unemployment Security Board of Review, 181 Conn. 1, was "to penalize only those people who have been abusing the system by leaving their jobs for no reason at all except to collect unemployment compensation", supra, 13.
This court finds that the record does not show that an in depth inquiry was made to determine whether the plaintiff's actions in this matter were justified. The Finding of Facts of the Referee which were adopted by the Board of Appeals states that the claimant plaintiff was given a pay increase as requested and agreed to take on responsibilities in addition to shipping. The Referee did not find whether the additional responsibilities included decorating a Christmas tree. The Referee found that on December 11, 1989 the claimant (plaintiff) had no shipping work to CT Page 3022 be done and consequently was asked to decorate a Christmas tree which she refused to do and was sent home. There was no finding whether there was other work available for her which she previously agreed to perform and whether, therefore, the employer was without justification in asking her to leave. Similarly there was no inquiry whether the employer in asking the plaintiff to put up and decorate the Christmas tree was not creating a change resulting in an unbearable work condition which the employee seems to allege and which might have justified the conclusion that the employee left her employment with cause.
This court is not unmindful that it is bound by the findings of subordinate facts and the reasonable factual conclusions made by the Appeals Referee where, as here, the Board of Review adopted the findings and affirmed the decision of the Referee. DaSelva v. Administrator, 175 Conn. 562, 564. However, in spite of this limitation, the court is not required "to abstain entirely from entertaining questions that might have been but were not raised before the administrative tribunal." Burnham v. Administrator,184 Conn. 317-322.
In view of the harsh penalty now imposed by Section 31-236 (2)(a), a more thorough inquiry is demanded by the lower tribunals than had been conducted in this matter and as our Supreme Court said in Burnham, "the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings," supra, 323. This court finds that a further hearing is necessary to explore those subordinate facts which resulted in the "leaving" or very possibly in the "discharge." This case is thereby remanded for the rendition of a judgment returning it to the Board of Appeals to remand to the Referee for a rehearing and a finding of fact in accordance with this opinion.
PELLEGRINO, J.