[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant administrator's ruling that the claimant was ineligible for CT Page 2609 unemployment compensation benefits as a result of leaving suitable work voluntarily and without sufficient cause.
I. ADMINISTRATIVE HISTORY
The Employment Security Board of Review certified the record of this unemployment compensation appeal to the Superior Court. Conn. Gen. Stat. 31-249b. The record reveals the following: The Administrator ruled the claimant ineligible for unemployment benefits, finding he left suitable work voluntarily and without sufficient cause. Conn. Gen. Stat. 31-241. The claimant appealed that decision to an Appeals Referee. Conn. Gen. Stat.31-241. The Referee conducted a hearing de novo, made findings of fact and affirmed the Administrator's determination. Conn. Gen. Stat. 31-242. The claimant appealed that decision to the Board of Review. Conn. Gen. Stat. 31-249. The Board of Review adopted the findings of the Referee and affirmed his decision.
The claimant filed a Motion to Vacate and Reopen the Decision of the Board of Review. The Board of Review found that the claimant failed to show that the ends of justice required a reopening of the Board's decision and denied the motion. The claimant requested an extension of time to file an appeal to the Superior Court. The Board treated the request for extension of time as an appeal from its decision to the Superior Court. Conn. Gen. Stat. 31-249.
The Referee made the following Findings of Fact and Conclusions:
 1. The Administrator denied benefits to the claimant from July 28, 1991 to an indefinite period on a finding that the claimant left suitable work voluntarily and without sufficient job connected cause.
 2. The claimant appealed contending that he terminated his employment because of changes in the conditions of employment created by the employer.
 3. The claimant worked as a green house technician @ $10.25 per hour at Kelley Services, Inc. at UniRoyal CT Page 2610 Chemical Company, Bethany, CT, from October 2, 1980 until he terminated on August 2, 1991.
 4. The claimant terminated his employment because the employer withheld $4,000 from his wages during the period beginning April 21, 1991 and ending August 2, 1991.
 5. The employer withheld wages from the claimant, leaving him with a net pay of $127.50 per week, or less, because the Department of Treasury, Internal revenue Service, found the claimant liable for unpaid taxes and enforced its' collection policy.
 6. The Department of the Treasury-Internal Revenue Service issued a notice of levy on wages, salary, and other income for the tax periods end 12-31-86, 12-31-87 and 12-31-88. A copy of the levy was mailed to the claimant.
 7. The claimant terminated his employment because the employer complied with the IRS order to withhold wages.
 The issue is whether the claimant has sufficient job connected reasons for terminating his employment.
 Section 31-71(e) of the CT General Statutes prohibits an employer from making arbitrary deductions from an employee's paycheck unless the employer is required to do so by law, or the employee has authorized a deduction in writing for medical, surgical, or hospital care payments, or, the Department of Labor has authorized and approved the deductions. CT Page 2611
 Since the claimant has not proven that the employer acted illegally when complying with a notice of levy by the Internal Revenue Service, and withholding wages to satisfy the levy, this Referee must conclude that the claimant did not have sufficient job connected cause for terminating his employment. The record clearly shows that the Internal Revenue Service notified the claimant of his liability and the issuance of the levy on his wages.
In sustaining the decision or the Referee, the Board of Review stated in part as follows:
 "The Board finds that the contention offered by the appellant in support of the appeal does not materially controvert the Referee's findings of fact and that those findings are supported by the record. The Board of Review further finds that the conclusion reached by the Referee is legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act governing the issue presented by the appeal. Accordingly, the Board of Review adopts the Referee's findings of fact and decision as its own.
 The decision of the Referee is affirmed and the appeal is dismissed."
II. STANDARD OF REVIEW
The standard of review in this case, as stated in Finkenstein v. Administrator, 192 Conn. 104, 112-113 (1984), as follows:
 We have stated previously that the Superior Court does not retry the facts CT Page 2612 or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review. Burnham v. Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Id., quoting DaSilva v. Administrator, 175 Conn. 562, 564, 402 A.2d 755 (1978). "Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. Guevara v. Administrator, supra, 564; see Burnham v. Administrator, supra, 322. Thus, we have recognized that our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute. Id.
The issue of whether the plaintiff is eligible to receive unemployment compensation benefits is controlled by General Statutes 31-236(a)(2)(a) that provides as follows:
 An individual shall be ineligible for benefits . . . (2)(a) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work. . . ." CT Page 2613
It is the claim of the plaintiff that as a result of the employer withholding part of his weekly salary under the IRS levy, that he left employment due to an unacceptable change in working conditions. The petitioner's claim is based in part on the fact that the IRS notice of levy was not signed. He therefore claims that there was no justification in the employer withholding a portion of his wages. The court is not persuaded by that argument. The Referee made a specific finding that the Department of the Treasury-Internal Revenue Service issued a notice of levy on wages. The plaintiff seeks to have the court make a de novo finding of fact as to whether a notice of levy, in fact, was issued. As stated earlier, the court is bound by the findings of subordinate facts and does not retry the matter de novo. The plaintiff also attacks other findings of fact made by the Referee. There is no basis for the petitioner's claims regarding the other facts found by the Referee. The claims of the petitioner regarding constitutional denial of due process do not merit any discussion as there is no basis for those claims.
III. CONCLUSION
In conclusion, the court finds:
1. The conclusion reached by the Referee was based on a correct application of the law to the facts found.
2. The Referee did not act unreasonably, arbitrarily or illegally.
3. The facts found by the Referee were reasonably supported by the record.
IV. ORDER
The appeal is dismissed.
Sidney Axelrod, Judge CT Page 2614