[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals pursuant to General Statutes § 31-249b
from a decision of the Employment Security Board of Review. The board of review affirmed the decision of an appeals referee denying the plaintiff's claim for benefits. The issue in this case is whether payments received by the claimant under a salary continuation and severance pay plan should be considered as wages for the purpose of determining claimant's eligibility for unemployment compensation. For the reasons stated below, the decision of the board of review is affirmed.
"In appeals under General Statutes § 31-249b, the Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review. Practice Book § 519. The court `is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee.' DaSilva v. Administrator, 175 Conn. 562, 564,402 A.2d 755 (1978); Bartlett v. Administrator, 142 Conn. 497, 505,115 A.2d 671 (1955). Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . ." Burnham v. Administrator, 184 Conn. 317,321-22, 439 A.2d 1008 (1988).
The board of review issued a decision in which it stated that it reviewed the record, including the tape recording of the referee's hearing. The board gave the reasons for its decision and the citations of precedents used to support it. The board noted that "the claimant did not perform services for the employer, nor was she required to be willing to perform services for the employer in order to collect the severance payments. Rather, the claimant merely took advantage of services offered by the employer to aid employees, who had been laid off, in their search for new CT Page 11447 employment."
The appeal referee found that the claimant last worked for her employer on May 29, 1992, and that she received thirteen weeks of salary continuation and twenty-six weeks of severance pay following her last actual day of work. The referee concluded that "the salary continuation and severance pay were not remuneration for services as a result of an employer/employee relationship. " The board of review adopted the referee's findings of fact and decision.
This court has reviewed the record certified and filed by the board of review. The factual conclusions made by the appeal referee are reasonable. The conclusions of law made by the trial referee resulted from a correct application of the law to the facts found and reasonably and logically follow from such facts. The board of review did not act unreasonably, arbitrarily, illegally, or in abuse of its discretion when it adopted the findings and, decision of the appeals referee.
The decision of the board of review is affirmed and the claimant's appeal is therefore dismissed.