[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Irene Sullivan, appeals pursuant to General Statutes 31-249b a decision of the Employment Security Board of Review (Board) upholding the denial by the defendant, Administrator, Unemployment Compensation Act, of the plaintiff's claim for unemployment compensation. The record indicates that the Administrator determined that the plaintiff was ineligible for benefits by decision issued pursuant to Conn. Gen. Stat., Sec. 31-241. The referee conducted a de novo hearing, made findings of fact and affirmed the Administrator's determination of ineligibility, pursuant to Conn. Gen. Stat., Sec. 31-242. The plaintiff appealed to the Board of Review pursuant to Conn. Gen. Stat., Sec. 31-249. The Board adopted the findings of the Referee and affirmed his decision, dismissing the plaintiff's appeal, pursuant to Conn. Gen. Stat., Sec. 31-249. This Court heard argument on April 2, 1997.
The Board has certified the record of this appeal to the court pursuant to Gen. Stat., Sec. 31-249b. The following facts are set forth in the referee's decision dated February 22, 1996. The plaintiff was last employed in September of 1994. She filed a valid claim for unemployment benefits in November, 1994, establishing a Benefit Year which ended on November 4, 1995. The plaintiff received benefits during this period of time. Sec.31-236 (a)(8) of the Connecticut Unemployment Compensation Law provides that an individual shall be ineligible for benefits if they have received benefits in a prior benefit year and has not again become employed and been paid wages since the commencement of said prior benefit year in an amount equal to the greater of three hundred dollars or five times his/her weekly benefit rate by an employer subject to the provisions of the Unemployment Compensation Law. Since the plaintiff had not worked and earned at least five times her benefit rate, or $1,170., since the beginning of her first Benefit Year, she was ruled ineligible for benefits in her Second Benefit year.
The plaintiff has not challenged the Board's factual finding that she was not employed during her last benefit year. Her claim appears to be that she was precluded in some fashion from being CT Page 4388 able to obtain or find employment.
SCOPE OF REVIEW
"To the extent that an administrative appeal, pursuant to General Statutes, Sec. 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." (Internal quotation marks omitted.)Mattatuck Museum-Mattatuck Historical Society v. Administration, supra, 238 Conn. 276. See also Practice Book Sec. 519. "The court must not retry the facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society, supra, 238 Conn. 276. See also United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988); Burnhamv. Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." (Internal quotation marks omitted.) MattatuckMuseum-Mattatuck Historical Society, supra, 238 Conn. 276. "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) Id. See also Bennett v.Administrator, 34 Conn. App. 620, 626, 642 A.2d 743 (1994).
"As a general rule, `(t)he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes Sec. 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, supra, 184 Conn. 386. Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. See DaSilva v. Administrator, 175 Conn. 562,402 A.2d 755 (1978). See also Bridgeport Metal Goods Mfg. Co. v.Administrator, 2 Conn. App. 1, 3, 479 A.2d 329 (1984)
Section 519 of the Conn. Prac. Book in relevant parts reads:
 Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the CT Page 4389 facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
The Board's conclusion that the plaintiff was not employed during her last benefit year and therefore ineligible for benefits is clearly supported by the Board's and Referee's findings of fact and not even disputed by the plaintiff. Plaintiff's vague claims concerning her difficulty in obtaining employment do not overcome her statutory disqualification after one benefit year pursuant to Conn. Gen. Stat., Sec. 31-236
(a)(8).
For the foregoing reasons, the plaintiff's appeal is dismissed.
Judge Patrick J. Clifford