[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by the employer, Queen Anne Enterprises, Ltd., from a granting of unemployment compensation benefits to Sandra Clark. The Administrator determined that Sandra Clark was ineligible for benefits after a hearing and decision issued pursuant to Connecticut General Statutes § 31-241. Upon appeal by the claimant, Sandra Clark, the Referee conducted a de novo hearing, made findings of fact, and reversed the Administrator's decision holding that she was entitled to benefits. The employer, Queen Anne Enterprises, appealed to the CT Page 6194 Board of Review pursuant to Connecticut General Statutes § 31-249. The Board of Review affirmed the decision of the Referee, dismissing the employer's appeal. This Court heard argument on April 9, 1997.
The Board has certified the record of this appeal to this Court pursuant to Connecticut General Statutes § 31-249b. The following facts are set forth in the Referee's decision dated August 16, 1995:
(1) The claimant was employed as a housekeeper from August 8, 1991 to June 21, 1995.
(2) The claimant was hired as a part-time housekeeper with one week of paid vacation per year, paid sick days and paid holidays.
(3) Throughout her employment, the claimant was paid for one week of vacation per year, sick days and holidays. In addition, the claimant received Christmas bonuses from the employer, but the Christmas bonus was at the employer's discretion.
(4) On June 18, 1995, two new innkeepers took over the management of the inn.
(5) On June 20, 1995, the innkeepers gave the claimant a new schedule for that week, which scheduled the claimant to work two days for a total of eight hours of work that week. The innkeepers also told the claimant that she was considered a seasonal part-time employee and that as such, she would only be scheduled as needed and that she would not receive paid vacation days, paid sick days or paid holidays.
(6) The claimant left work early due to a family emergency. The claimant later went to the local job center and initiated a claim for unemployment benefits.
The Referee held that the employer's unilateral change in the conditions of the claimant's employment provided her with sufficient job-connected cause for leaving her employment. The Board of Review adopted the Referee's findings of fact and found that the conclusion reached by the Referee was legally consistent with the findings made. The plaintiff employer has challenged the Board's decision on factual grounds and also seeks to present new evidence for this Court to consider on the underlying issues. CT Page 6195
Scope of Review
"To the extent that an administrative appeal, pursuant to General Statutes, § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." (Internal quotation marks omitted.) MattatuckMuseum-Mattatuck Historical Society v. Administration, supra,238 Conn. 276. See also Practice Book § 519. "The court must not retry the facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society, supra,238 Conn. 276. See also United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988); Burnhamv. Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." (Internal quotation marks omitted.) MattatuckMuseum-Mattatuck Historical Society, supra, 238 Conn. 276. "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) Id. See also Bennett v.Administrator, 34 Conn. App. 620, 626, 642 A.2d 743 (1994)
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes § 31-235 and § 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant. United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, supra, 184 Conn. 386. Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. See DaSilva v. Administrator, 175 Conn. 562,402 A.2d 755 (1978). See also Bridgeport Metal Goods Mfg. Co. v.Administrator, 2 Conn. App. 1, 3, 479 A.2d 329 (1984).
Section 519 of the Connecticut Practice Book in relevant part reads:
 Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not CT Page 6196 retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
Sandra Clark was found eligible for benefits on the basis that she had a sufficient job-connected cause for leaving her employment based on unilateral changes in conditions of employment. This conclusion mandates a finding that she is eligible for benefits pursuant to Connecticut General Statutes § 31-236 (a). The employer argues that there was no agreement in regards to vacation, sick and holiday pay — that it was discretionary. However, this court does not retry the facts or hear evidence. This court also will not consider the evidence now being offered by the employer for the first time on this appeal. The Board's legal conclusion that the claimant had sufficient job-connected cause to leave her employment is reasonably drawn from the findings of fact. The Board's decision was not unreasonable, arbitrary, illegal or an abuse of discretion.
For the foregoing reasons, the plaintiff's appeal is dismissed.
Clifford, J.