[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Board of Review of the Employment Security Appeals Division of the State of Connecticut Department of Labor. By decision mailed March 27, 1997 the Board of Review sustained the decision of the Appeals Referee which sustained the decision of the Administrator. The Administrator ruled that the claimant was ineligible for unemployment benefits by the Administrator's decision of December 26, 1996.
 I
The trial court does not try the matter de novo. DaSilva v.Administrator, 175 Conn. 562, 564 (1978). The court is limited to a review of the record certified and filed by the board. United Parcel Services, Inc. v. Administrator,209 Conn. 381, 385 (1988). Upon an appeal from the Board's decision the Superior Court does not try the matter de novo. "It is not its function to adjudicate questions of facts, nor may it substitute its own conclusions for those of the board." Cervantes v.CT Page 3396Administrator, 177 Conn. 132,134 (1979). . . ." It may go no further than to determine whether the Commissioner acted unreasonably, arbitrarily or illegally. The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the Commissioner. If his conclusions are reasonably and logically drawn the court is legally powerless to alter them." Guevara v. Administrator, 172 Conn. 492, 495, 496
(1977). The Commissioner, as used in the above citation is now the Board, per public act 74-339. The principles of law, as so enumerated, remain applicable.
"The court is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Finkenstein v. Administrator,192 Conn. 104, 112, 113 (1984).
 II
The Board of Review adopted the finding of the Referee. "Accordingly, the Board of Review adopts the Referee's findings of fact and decision as its own." (Decision of the Board, p. 2.)
The finding of fact of the referee is as follows:
 "1. The Administrator denied benefits to the claimant on a finding that she voluntarily left suitable work without good cause attributable to the employer.
 2. The claimant worked as a Support Specialist at $9.45 per hour at the Corporation for Public Management from November 15, 1993 to December 10, 1996.
 3. The claimant's job required her to care for a mentally retarded young man. The claimant worked the overnight shift and stayed with the client in his apartment.
 4. The incident which precipitated the claimant's decision to leave her job occurred on December 8, 1996. Early in the day, there was a state wide power outage due to weather conditions. The claimant called the client's home and talked to a staff member. She learned that the power was out at the client's home. When she arrived at the client's home at approximately 10:00 p. m., she found the living conditions deplorable. Besides being no heat or electricity, there were CT Page 3397 no toilet facilities and the client had not received a hot meal. The claimant spent an uncomfortable night and called her supervisor in the morning complaining of the unsanitary conditions. The supervisor told the claimant to bring the client to the office to wash up and then he would be taken to his job.
 5. The claimant became upset that the employer had not taken the client to a shelter the day before and had allowed him to remain in his apartment. In her outrage, the claimant reported the employer to the Department of Advocacy and Protection complaining of abuse/neglect of a retarded client.
 6. Upon learning of the allegation made against the company the Program Coordinator contacted the claimant to discuss the matter. The claimant recalls that the Program Coordinator said that the claimant's actions "could cost her her job". When the claimant asked her why she said that, she replied "because you didn't take Ronald to a shelter." The claimant felt that she would be the scapegoat and informed the Program Coordinator that she quit.
7. The employer has a formal dispute resolution policy.
 8. The claimant had no faith in this process and did not us it prior to quitting."
The referee's conclusions are as follows:
 "The Referee finds that the claimant may have had a valid complaint. However, when a claimant leaves his job because of a grievance regarding his working conditions, the claimant must prove that he tried to preserve his employment bringing his grievances to the attention of the employer and attempted to resolve the difficulties through reasonably available means. Mulattieri v. Judicial Department, State of Connecticut, Board of Review, Case No. 425-BR89 (6/22/89). If the claimant fails to satisfy this burden, he is disqualified unless it appears that the claimant's efforts would have been futile.
 On a review of the record, the Referee does not find that the claimant exhausted all reasonable alternatives prior to voluntarily leaving this job. If the claimant had filed a grievance with the Dispute Resolution committee and they were unresponsive, she would have satisfied the burden. CT Page 3398 However, she did not. The Referee concludes that since the claimant failed to take remedial steps prior to leaving, she did not adequately pursue alteratives. She is not eligible to collect unemployment benefits.
 Accordingly, the determination of the Administrator on the issue of voluntary leaving is affirmed. Benefits are denied. The claimant's appeal is dismissed."
The plaintiff, in her appeal to the Board, claimed that the tape recording of the referee hearing was of poor quality and difficult to understand what the testimony was, that she was requesting a re-hearing, on that basis since she believes that the evidence presented was clearly sufficient to prove job connected grounds for her resignation. (Memorandum of Law in Support of her appeal to the Board, 2/19/97.)
 III
The Board found: "The Board has reviewed the tape recording of the Referee's hearing and finds the claimant's testimony to be audible." (Board Decision p. 2.) The claimant's request for a "rehearing" on the basis of a poor tape was denied by the Board. The claimant's request for an evidentiary hearing was denied, the Board concluding that the plaintiff failed to demonstrate, pursuant to Connecticut Agencies Regs. § 31-237g-40, that the ends of justice require that the Board receive additional evidence or testimony to adjudicate the appeal properly. (Board Decision, p. 2.)
The court finds no error in this ruling. In the appeal to this court the plaintiff claims that "The day of the hearing I was so angry about the way everything I said got misconstrued, I couldn't even defend myself." The court gives deference to the Board, as the Board reviewed the tape and were in the best possible position to determine whether the tape was sufficiently audible, and whether the plaintiff was able to and did testify with adequate clarity at the referee proceedings.
 IV
The second reason for appeal to the board is that the referee "admitted finding critical undisputed facts which would compel the opposite conclusion to the one reached, in that the claimant had attempted to remedy her problems at work to no avail, and that the employer failed to correct any problems she raised." CT Page 3399 (Memorandum, Appeal to Board 2/19/97.)
The Board of Review, on examining the record, found that the record did not support that contention. The Board found from the record that the two complaints to which this contention may refer are matters which occurred in the past. One was a complaint about a pay reduction, which she determined not to pursue when informed, informally by the vice president, that it was an across the board cut. The other was a complaint about noisy neighbors and cats, which after complaining to her supervisor, she did not pursue through the grievance process. The claimant does not claim in this appeal that these findings by the Board, from the record, was made without evidence.
 V
The Board agreed with the Referee that from the record it is clear that the employer does have a formal Dispute Resolution Program. The Board further agreed with the Referee that from the record it is clear that the plaintiff did not follow the Dispute Resolution Process.
Regulation Connecticut State Agencies, § 31-236-22(a)(2) is the regulation which controls the circumstances of this appeal.
 ". . . . Regs., Conn. State Agencies § 31-236-22. The regulations further require the administrator to find that the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a reasonable resolution before leaving his employment. Regs., Conn. State Agencies § 31-236-22(a)(2). Valid agency regulations have the force of statutes and constitute state law. Savage v. Aronson, 214 Conn. 256, 267, 571 A.2d 696 (1990).
 An individual leaves suitable work "for cause" within the meaning of the statute, when he leave employment "for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment." Robinson v. Unemployment Security Board of Review, supra, 23. As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists."
 Aero Technology v. Administrator 25 Conn. App. 130, 135 (1991) CT Page 3400 (emphasis added.)
The record is clear that the claimant resigned from her employment on December 10, 1996 by letter:
 "I resign from my position at Corporation for Public Management as of today December 10, 1996."
Very truly yours,
Pauline B. Embelton
The record is clear that she resigned without ever availing herself of, or attempting to avail herself of the Dispute Resolution Program. In appealing to the Referee, the claimant states, on the appeals form: "The Corporation for Public Management has no integrity. Their grievance process is bogus." The Referee found: "8. The claimant had no faith in this process and did not use it prior to quitting." This finding is fully supported by the record.
This court can discern no rule of law, either statute, regulation, or precedent which would allow a claimant to disregard the provisions of Regulation § 31-236-22(a)(2) because of a subjective lack of confidence in the integrity or efficacy of a reasonable dispute resolution program. To allow individuals to avoid the provisions of this regulation on such a subjective basis would cause the regulation itself to be largely meaningless.
The Board concluded, from the record, that the claimant ignored the employer's request that the claimant participate in the investigation of what appeared to the employer to be an anonymous complaint concerning patient neglect. The purpose of the investigation was to determine facts and to develop a better system to deal with emergency care of patients. The employee precipitously quit because she was concerned, being the source of the complaint, that she would be blamed for the shortcomings of the system, as concerns this incident, whereby she and others were attending the patient during respective shifts. Rather than to participate in the investigation the claimant quit without even discussing the issue with the supervisor, despite the supervisor's repeated efforts to discuss the issue. These conclusions and the facts upon which they are based are fully supported by the record. CT Page 3401
The Board found that the dispute resolution program would be applicable if the internal investigation had resulted in any conclusion by the employer that the claimant was in any fashion at fault as to the particular incident concerning patient care. Rather than to participate in any phase of the investigation the claimant just determined to resign. The Board found that the claimant's subjective lack of confidence with the dispute resolution process in dissimilar prior abandoned matters did not justify her merely quitting in haste. This conclusion is reasonable and logical.
The court determines that the decision of the Board of Appeals is fully supported by the record and is neither illegal, arbitrary or in abuse of discretion.
For the reasons set forth herein the claimant's appeal is dismissed.
L. Paul Sullivan, J.