[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an appeal pursuant to Connecticut General Statute §31-249b from the denial of unemployment benefits by the Board of Review (Board).
The Board has certified the record in this case.
 We have stated previously that the Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review. Burnham v. Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Id., quoting DaSilva v. Administrator, 175 Conn. 562, 564, 402 A.2d 755
(1978). "Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court CT Page 16125 may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. Guevara v. Administrator [172 Conn. 492, 495, 374 A.2d 1101 (1977)]." DaSilav v. Administrator, supra, 322. Thus, we have recognized that our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute. Id. Finkenstein v. Administrator, 192 Conn. 104, 111, 112.
The Referee in this case made the following findings of fact March 15, 2000 (See Cert. Rec. 6).
1. The claimant worked as a Security Guard in the employ of Murphy Security Service, Inc., from June 20, 2000 until January 4, 2000.
2. The claimant's hours of work were from 11:00 P.M. until 7:00 A.M., five nights per week. The claimant worked for the employer at the facilities of Science park, located in New Haven, Connecticut. The claimant is a resident of New Haven, Connecticut.
3. On or shortly before January 3, 2000 an official of Science park Development Corporation advised the claimant's supervisor at Murphy Security that he, meaning the Science Park Official, had seen the claimant sleeping while on security duty at the Science park facility. Science park officials asked that the claimant be released from further security assignments at Science park.
4. The claimant's supervisor, Sean Fitzgerald, reported this matter to Charles Hightower, manager of the Murphy Security Service. Mr. Hightower had no choice but to comply with Science park Development's request that the claimant be removed from his continuing security assignment at this facility.
5. Charles Hightower confronted the claimant about this matter on January 4, 2000. Mr. Hightower told the claimant that he, meaning the claimant, had been discovered asleep while on security duty at Science Park. The claimant adamantly, and truthfully, denied this charge of impropriety.
6. Mr. Hightower then explained to the claimant that he, meaning the claimant, was being taken off his "everyday" security assignment at Science Park. This angered the claimant. CT Page 16126
7. Mr. Hightower tried to tell the claimant that Murphy Security was prepared to offer the claimant another full time assignment in Branford, Connecticut in lieu of termination. This proposed new assignment was to last for two weeks, at which time the claimant would be offered another full time assignment at Quinnipiac College in Hamden, Connecticut. Mr. Hightower was further prepared to offer the claimant an immediate part-time position at Quinnipiac College.
8. The claimant, however, would have none of Mr. Hightower's suggestions concerning alternative security assignments, having been falsely accused of wrongdoing and having been removed from his present assignment on this basis. The employer-employee relationship at issue in this case ended in this manner.
The Board adopted the Referee's Findings of Fact Nos. 1, 2, 3, and 4. The Board specifically rejected that the Referee's finding of facts 5 and further modified findings numbers 7 and 8 and found that the employer offered a full time two week assignment at Stony Creek Quarry in Branford with the same hours and rate of pay as his assignment at Science Park. The employer offered a part-time weekend job at Quinnipiac College. The Board found that he did not give any reason for the refusal of the full-time position.
The Board concurred with the Referee's decision that the employer operates like a temporary employment agency.
Contrary to the Board's finding #7, Butler gave a reason as to why he turned down the alleged two positions of the employer. One that it was only a part-time assignment and that the other position was not a two week assignment.
The Board concurred with the claimant that the employer did not establish that the claimant was discharged for wilful misconduct. The Board however went on to justify the Referee's conclusion that the claimant refused suitable offer of rehire at another location.
 "The Referee ruled that the claimant had sufficient cause to refuse any offers of rehire because the employer falsely accused him of wrongdoing. (Emphasis added). However, the claimant did not appear at the Referee's hearing and did not offer this reason for refusing work at the predetermination hearing or in talking with the employer. The employer testified that the claimant became angry when he learned that the employer was removing him from his assignment, but CT Page 16127 never indicated that the claimant's anger resulted from the employer's falsely accusing him of sleeping on the job. Moreover, the employer's client, not the employer, accused the claimant of sleeping on the job, and the employer did not discipline the claimant as the result of the client's allegation. The employer removed the claimant from the assignment not as a form of disciplining the claimant, but because the client requested a replacement.
 The claimant did not offer either the employer or the fact finder any reason for refusing the Stony Creek position in Branford. The Referee found the position unsuitable on the basis that the job was an unreasonable distance from his home in New Haven. However, there is no evidence that the claimant refused the job based on distance. We cannot deem the position per se unsuitable on the basis of an unreasonable distance." (See Decision of Board dated may 19, 2000 page 3. Cert. Rec. #10).
Connecticut General Statute § 31-236 (a) provides, in relevant part, that [a]n individual shall be ineligible for benefits . . . (2)(A) if; in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer . . . no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changes in condition created by his employer, or (ii) to care for a seriously ill spouse or child, or parent domiciled with the individual, provided such illness is documented by a licensed physician, or (iii) due to the discontinuance of transportation, other than his personally owned vehicle, used to get to and from work, provided no reasonable alternative transportation is available.
Connecticut courts when applying Conn. Gen. Stat. § 31-236 (a) allow an individual to leave work when an ordinary reasonable person has no alternative but to terminate employment.
The claimant in this case filed with the Board upon appeal to this court his version leading up to his discharge.
He asserts that he was not sleeping on the job (see written statement of claimant attached to his appeal received May 31, 2000). In the statement the claimant asserts that his supervisor did not want him back on the job because of his dislike towards him. Nothing was claimed that he was not wanted by the client of the company. He was offered a position CT Page 16128 at Quinnipiac College that would not start for two weeks and that was only part-time on weekends. He could not work weekends when he first started his original job at Science Park. He was then asked to turn in his uniform. Four days later he was called to work in Branford for oneday only not two weeks. (Emphasis added).
The inconsistencies in the Board findings with that of the claimant and Referee leads this court to conclude that the positions offered were not reasonably alike. The claimant is not ineligible because he left suitable work or his refusal to accept like or similar work. The Referee had ruled the claimant had sufficient cause to turn down any offers of rehire.
Applying Conn. Gen. Stat. § 31-236 (a) this court finds that the decision of the Board is unreasonable, arbitrary and illegal.
The Appeal of Butler is sustained. All benefits to which the claimant was entitled to consistent with this decision are exempt from any claim of overpayment.
Frank S. Meadow, Judge Trial Referee