[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant (Minahan) appeals the decision of the Board of Review ("Board") pursuant to Connecticut General Statutes § 31-249 (b).
The Board certified the record in this case.
The Board reviewed the record including the tape recordings of the referee's hearing. The referee ruled that the claimant, Minahan, was discharged for violating the employer's rule prohibiting employees from soliciting work while on the job and thus was disqualified from receiving unemployment compensation benefits. (The Board affirmed the decision of the Referee.) (See Decision of Board dated May 24, 1999.) Minahan appealed this decision on June 18, 1999 on the grounds that the Referee gave more weight and credibility of a witness than that of the claimant and that the appeals referee did not have logical and factual grounds on the evidence in finding that the witness gave more credible evidence.
The court in the initial appeal remanded the case to the Board to make further findings (Berdon, J.) Memorandum of Decision dated June 30, 2000. The Board remanded the matter to the appeals referee who rendered a decision dated September 12, 2000 which was approved by the Board and accordingly the claimant once again appeals the decision denying him unemployment benefits. The Board remanded the matter to the appeals referee. The referee provided a case history of this case (Cert. Rec. (September 12, 2000).)
The appeals referee made the following finding of fact:
I. Findings of Fact numbered 1 through 23 as enumerated by this referee in his April 13, 1999 disposition of this case are hereby reinstated onto the record without addition or deletion therefrom.[1]
II. At the September 8, 2000 rehearing of this case before the undersigned referee the claimant through counsel proposed that the following Findings of Fact be added to the case record and given due consideration in the redisposition of this appeal. CT Page 17378
III. At the time of the hearing attorney Shluger, counsel for the claimant, indicated that he filed the pending motion to re-open the case for the sole purpose of entering the six additional findings.[2]
The referee provided his analysis and conclusion of law. (See September 12, 2000 decision of referee)
The referee concluded that the granting of the motion to re-open the case for the purpose of submitting the new findings 1 through 6 onto the record and considering (emphasis added) those findings of fact in dispositioning this case is not in order and would be inconsistent with the ends of justice. The referee again concluded that the claim Minahan bought the flooring from Epstein Brothers would not in and of itself lead the referee to conclude that the contract with Mr. Bartholomew to provide installation service was made at a fast food facility rather than while the claimant was on duty and on the employees premises.
The referee denied the motion to reopen the case because it would not impact upon his decision to deny the unemployment benefits to Minahan. The Board affirmed the decision of the referee and dismissed the appeal. The Board in so ruling adopted the referee's findings of fact and decision as its own.
The Board's decision was based upon the referee's reasonable weighing of the evidence and to afford the credibility as to witnesses it deemed appropriate.
The claim that the decision of Judge Berdon suggests that the evidence given by Mr. Bartholomew is less credible than that of the claimant is without merit. The court must not retry the facts found. See UnitedParcel Service, Inc. v. Administrator, 209 Conn. 381, 385 (1988).
The Board argues persuasively in this case that the order of remand to consider other evidence because the act should be construed liberally in favor of beneficiaries (Berdon, J., Memorandum of Decision dated June 30, 2000) has no bearing in this case. The referee did consider whether the hearing should be re-opened and made his conclusions which this court cannot find were unreasonable, illegal or arbitrary.
The claimant was discharged for willful misconduct. He was aware of the rule or policy of Home Depot which when reasonably applied would result in an employee's incompetence.
The claimant deliberately violated the company policy.
The Board reviewed the referee's hearings and found the claimant's CT Page 17379 credibility likewise poorly.
The Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review. Burnham v. Administrator, 184 Conn. 317, 321, 439 A.2d 1008
(1981). The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Id., quoting DaSilva v. Administrator, 175 Conn. 562,564, 402 A.2d 755 (1978). "Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. Guevara v. Administrator [172 Conn. 492, 495,374 A.2d 1101 (1977)]." DaSilva v. Administrator, supra, 564; see Burnhamv. Administrator, supra, 322. Thus, we have recognized that our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute. Id. Finkenstein v.Administrator, 192 Conn. 104, 112, 113.
Counsel for the claimant conceded at oral argument that he did not expect a remand from the original appeal but a ruling.
This court concludes from a review of the record and the findings of the subordinate facts and reasonable factual conclusions made by the appeals referee that the decision to deny the claimant unemployment benefits is not unreasonable, illogical, or arbitrary.
Accordingly the appeal is dismissed.
Frank S. Meadow, J.T.R.